LIGGINS v. THE MAY COMPANY ET AL.

(No. 932216—Decided May 21, 1975.)

Court of Common Pleas of Cuyahoga County.

*Mr. Willard P. Ogburn*, for plaintiff.
*Mr. Samuel G. Wellman* and *Mr. Neil K. Evans*, for defendant The May Co.
*Mr. Leonard B. Scharfeld*, for defendant Professional Services Unlimited.
*Mr. William J. Brown*, attorney general, and *Mr. Robert S. Tongren*, for intervenor.

FRIEDMAN, J. On April 17, 1975, this court carefully considered the motion filed by Professional Services Unlimited, Inc., to dismiss the complaints of Helen Liggins on behalf of herself and others similarly situated, and William Brown, the Attorney General of Ohio, as intervenor in the private class action which complaints allege that Professional Services Unlimited, Inc., acting on its own and on behalf of defendant, The May Company, has engaged in the business of effecting consumer transactions solicited or engaged in by defendant, The May Company, in a deceptive manner in violation of R. C. 1345.02(A) and 1345.-03(A). The court denied the motion on the basis that the following alleged contentions of the defendant are not well taken:

1. That the collection of, or attempt to collect on, a claim owed a consumer to a supplier which arises from a consumer transaction does not constitute a "consumer transaction" as that term is defined in R. C. 1345.01(A);

2. That a person engaged in the business of enforcing or attempt to enforce the payment of a claim or debt owed by a consumer to a supplier which arises from a consumer transaction is not engaged in the business of effecting a consumer transaction and therefore not a "supplier" as that term is defined in R. C. 1345.01(C);

3. That the plaintiff, Helen Liggins, representing the alleged class herein is not a "consumer" as that term is defined in R. C. 1345.01(D), since she did not directly deal with defendant, Professional Services Unlimited, Inc.

The pertinent sections of the Code referred to in the motion to dismiss are as follows:

R. C. 1345.01(A) states: " 'Consumer transaction' means a sale, lease, assignment * * *."

R. C. 1345.01(C) defines "supplier" as follows:

" 'Supplier' means a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer."

In addition, R. C. 1345.02, titled "Deceptive Consumer Sales Practices," Paragraph (A), provides:

"No supplier shall commit a deceptive act or practice in connection with a consumer transaction. Such deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

It is this court's opinion that the intent of R. C. Chapter 1345, particularly relating to the various sections referred to, were to prohibit certain types of consumer practices to apply from the initial contact between the supplier and the consumer until the relationship terminates. In other words, that relationship continues from the initial inception between consumer and supplier until, as in this case, the debt is fully paid.

Again, referring to R. C. 1345.01(A), "[c]onsumer transaction means a sale, lease, assignment * * *." The assignment of the collection of the debt by the defendant, The May Company, to Professional Services Unlimited, Inc., is a part of the consumer transaction, and any conduct in violation of the practices prohibited in the provisions of the Code is not permissible either by the supplier or its designated assignee, agent or agency with relation to the collection of the debt until such time as the relationship is fully terminated by the payment thereof.

It is this court's opinion that a person engaged in the business of enforcing or attempting to enforce the payment of a claim or debt owed by a consumer to a supplier which arises from a consumer transaction is engaged in the business of effecting a consumer transaction, and is therefore a supplier as the term is defined in R. C. 1345.01 (C). It is also this court's position, based upon its interpretations of the sections referred to, that a supplier engaged in the business of enforcing or attempting to enforce the payment of a claim or debt owed by a consumer to the supplier cannot relieve itself of the prohibitions provided for in the Code by merely assigning or transferring said claim to an assignee or agent or agency, and have that assignee, agent or agency conduct practices prohibited by the act. To permit said supplier to contend that the transfer of the collection of said debt relieves it from the obligations prohibited, and for the other person to whom it is

transferred to say that it is not covered under the prohibitions of the act, would defeat the very purposes for which the Consumer Practices Act was enacted.

Therefore, this court finds that the motion of the defendant is not well taken, and the request for dismissal is denied.

*Motion to dismiss denied.*