Larry L. BROWN, Plaintiff,

v.

Billy Thomas HARRISON, Defendant
and Cross-Claim
Defendant-Respondent,

Joyce Lee Oliver, Defendant and
Cross-Claimant, Appellant.

No. WD 32390.

Missouri Court of Appeals,
Western District.

May 25, 1982.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled and
Denied Aug. 3, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Vincent F. Igoe, Jr., Liberty, for appellant; Hale, Kincaid, Waters & Allen, P. C., Liberty, of counsel.

Charles E. Weedman, Jr. and Robert W. Spangler, Harrisonville, for respondent; Crouch, Crouch, Spangler & Douglas, Harrisonville, of counsel.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

The issue is whether a judgment obtained by plaintiff Brown, against Harrison and Oliver, upon a verdict finding them respectively, 75% and 25% negligent, is res judicata, or a basis for collateral estoppel, on the severed cross-claim of Oliver against Harrison on a separate trial thereof.

On September 11, 1980, Harrison filed his motion for summary judgment on the ground that Oliver's cross-claim was barred as a matter of law because the judgment in the first trial was res judicata, or alternatively, that Oliver should be collaterally estopped from proceeding, all due to Brown's verdict against Oliver and Harrison and the jury's finding that there was an apportionment of fault between them. The motion was sustained October 29, 1980, and this appeal followed.

Brown, on March 23, 1979, filed his petition for damages against both Harrison and Oliver, alleging that each of them were on the wrong side of the road, and that Oliver was following Harrison too closely, these grounds of recovery being submitted in the instructions. Harrison had filed his request for apportionment of damages under *Missouri Pacific R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978), and instructions were given on that subject.

In her cross-claim and petition for damages against Harrison, Oliver alleged that he permitted his automobile to move across the center line of the highway, and caused others in the right lane to stop, swerve and immediately apply brakes to avoid collision, and that Oliver, "in attempting to stop, swerve, and otherwise take evasive action to avoid collision, as caused by the careless and negligent actions of defendant Harrison, was caused to apply her brakes to avoid such collision, and traveled across the center line of the northbound lane of traffic and came into violent collision and contact with the automobile driven by plaintiff Brown." Harrison's answer to Oliver's cross-claim was a denial of certain allegations, and a plea that her damages and injuries were caused or directly contributed to by her own negligence. There was no specific factual allegation of Oliver's contributory negligence.

At the outset of Brown's case, these proceedings were had before the trial court: Brown's counsel stated he wanted both defendants in his lawsuit as far as the cross-claim was concerned. The court indicated its ruling as to the order of trial, plaintiff, Brown, Harrison and then Oliver. Oliver's counsel explained to the court that there would be a bifurcation of her case because then she was in plaintiff's case, then the second defendant would put on his case, which would be a substantial disadvantage to her. Counsel stated that if the procedural ruling was the court's inclination, he would request Oliver's cross-claim be severed for separate trial "because then we could at least keep our case in together." Counsel for Harrison stated that the cross-claim had been severed for purposes of trial only, "but it still remains, of course, an integral part of this lawsuit, does it not, depending on what the verdict is in this case in the part that we are trying? THE COURT: It's a separate—As far as I'm concerned, at this point, I'll sever it. It's a separate piece of litigation just like it was a separate case. MR. WEEDMAN: Well, isn't this res judicata? THE COURT: I don't think so. MR. WEEDMAN: Then, we are back to the whole lawsuit where we would have to try the whole lawsuit again. THE COURT: That's correct." Counsel for Harrison then made objection to the severance. The court remarked that Oliver's submission might be different than Brown's submission against Harrison, and that it would not be res judicata in that situation. The objection was overruled.

■ Harrison contends that to allow a judgment in favor of Oliver against him would be inconsistent with the verdict (for Brown) in the first trial which is the final adjudication on the merits. The case of *Page v. Hamilton*, 329 S.W.2d 758, 765 (Mo. 1959), is authority contrary to Harrison's contention. There, the plaintiff sued Hamilton and Crowe as joint tort-feasors and Crowe filed a cross-claim against Hamilton. The jury found for plaintiff against both

defendants and assessed damages, and also for Crowe on his cross-claim against Hamilton and assessed his damages. Plaintiff submitted her case against defendants on the humanitarian doctrine, the assignment against Crowe being that he could have avoided the collision by slackening and swerving to his right. Crowe's submission against Hamilton was on primary negligence in failing to drive his automobile as close to the right-hand side of the highway as practicable. Hamilton submitted a contributory negligence instruction as to Crowe's cross-claim in that Crowe could have seen Hamilton's automobile in time by slackening and swerving his automobile to the right. (Note that this theory was the same basic assignment as plaintiff's humanitarian submission against Crowe.) At page 766 of the *Page* case, the court noted that § 509.460 RSMo 1959 [now Rule 55.32(f)], provides in part, " 'A pleading *may* state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein.' " (emphasis added), and said, "Absent the filing of a cross-claim the rights of the defendants inter sese would not have been adjudicated because ordinarily a judgment in favor of a plaintiff does not determine the relative rights or liabilities of codefendants unless their hostile or conflicting claims are actually brought into issue by pleadings and are litigated and determined. (Citing cases.)" And, "Neither the plaintiff nor the cross-claim defendant has any priority or pre-emptive right to particular evidence or inferences to be drawn therefrom", page 766[10, 11], and at page 767[12, 13], the court said further, "If the same general verdicts had been returned in separate trials of plaintiff's action and defendant Crowe's cross-claim under the instructions before us, there could not be any legal inconsistency; that is, no inconsistency justifying setting either or both of the verdicts aside." This latter statement relates to what the situation here could be on Oliver's cross-claim against Harrison—if she should receive a verdict on the separate trial, it could not be inconsist-

ent with the verdict in favor of Brown in the first trial. See also *Fields v. Berry*, 549 S.W.2d 122, 127 (Mo.App.1977). Harrison argues that the *Page* and *Fields* cases are distinguishable because of the difference of submission by the plaintiff—in *Page*, on the humanitarian doctrine, and in *Fields* on res ipsa loquitor, which he says are different than the submission of Brown and the pleading on the cross-claim of Oliver, both on primary negligence. There is no perceivable difference, but what is important, under the authority of the *Page* case, is there has been no adjudication of the relative rights and liabilities of Oliver and Harrison inter sese.

■ Hamilton makes the bare assertion that he and Oliver were in adversary positions in the first trial, and that she is now collaterally estopped from asserting her cross-claim. They were, of course, in adversary positions insofar as both were resisting Brown's claim against both as alleged joint tort-feasors, and before it was severed for separate trial, they were in adversary positions as to Oliver's cross-claim. The majority of jurisdictions held that there is no collateral estoppel problem if the original codefendants were not in an adversary situation in a first trial. See *Southern Bell Telephone & Telegraph Company v. Robinson*, 389 So.2d 1084 (Fla.App.1980), where the court held that a finding where two codefendants who collided and then hit plaintiff's car were negligent as to plaintiff did not determine the codefendants' responsibility to each other in a subsequent trial; *Cook v. Kendrick*, 16 Mich.App. 48, 167 N.W.2d 483, 485[1, 2] (1969), stated, "Generally, codefendants are not adversary parties for the purpose of res judicata, even though each believes the other was at fault in a negligence case"; *Harper v. Hunt*, 247 So.2d 192 (La.App.1971); Rest. of Law, Judgments, § 82; Anno. 24 A.L.R.3d 318, § 10, p. 366, and supplement. See also *McKinney v. Townsend*, 44 Ohio Misc. 84, 330 N.E.2d 20, 21 (Ct. Common Pleas 1975), holding that a verdict finding co-defendants jointly negligent and liable to plaintiff, Shupert, did not bar McKinney's claim

against Townsend, "[F]or no claim of McKinney against Townsend was asserted, controverted or decided in the *Shupert* case." The foregoing cases did not involve severed cross-claims, but that should make no difference, inasmuch as cross-claims are permissive under Rule 55.32(f), and the trial court has authority to order separate trials of cross-claims "to avoid prejudice" under Rule 66.02.

■ There is no real identity of issues as between plaintiff Brown's claim for his injuries against Harrison and Oliver (joint tort-feasors), and Oliver's cross-claim against Harrison, who pleaded Oliver's contributory negligence as a defense to the cross-claim. The cross-claim has never been tried, and thus there can be no estoppel by verdict as to it. Although the evidence adduced in Brown's case may be used to establish Oliver's contributory negligence, that matter does not appear as a matter of law as to be a basis for summary judgment. As noted in the *Page* case, supra, page 766, "Neither the plaintiff nor the cross-claim defendant has any priority or pre-emptive right to particular evidence or inferences to be drawn therefrom." Under Oliver's cross-claim pleading, a trier of the fact might conclude that she was confronted with an emergency caused by the movements of Harrison's vehicle, which might bear upon the issue of her contributory negligence. Compare *Robb v. Wallace*, 371 S.W.2d 232, 236[4–6] (Mo.1963).

■ Not only are the basic issues different as between Oliver and Brown on the one hand, and Oliver and Harrison on the other, there is yet another consideration in the application of collateral estoppel as set forth in *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719 (Mo. banc 1979), and that is "whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." Harrison contends that Oliver had that opportunity and because of her action in seeking a severance, over his objection, she cannot now litigate it. As above set forth, Oliver's belief was that she would be prejudiced by a

bifurcation of her case. The court indicated a severance would be in order, and certainly it could be under Rule 66.02. There was a discussion and conclusion that Brown's case would not result in an application of res judicata. In these circumstances, Oliver cannot be held to have forfeited the right to litigate her claim.

The judgment is reversed and the case is remanded for further proceedings.

All concur.