**Edward A. PILLA and Dollie A. Pilla, Plaintiffs–Appellants,**

v.

**TOM–BOY, INC., Defendant–Respondent,**

v.

**GEWINNER'S TOM–BOY SUPERMARKET, INC., Third Party Defendant.**

**No. 53557.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 6, 1988.

Don B. Sommers, Prudence W. Kramer, St. Louis, for plaintiffs-appellants.

Robert P. McCulloch, Leritz, Reinert & Duree, St. Louis, for defendant-respondent.

SIMON, Presiding Judge.

Appellants, Edward A. Pilla and Dollie A. Pilla, appeal the denial of their claim for indemnity based upon a lease provision against respondent, Tom–Boy, Inc. to recover sums paid in settlement to Mary Brackett for injuries sustained in her fall on a sidewalk adjacent to the building owned by the Pillas and leased to Tom–Boy, Inc.

Appellants contend that the trial court erred in failing to find respondent breached the indemnity provision of the lease. Specifically, appellants allege that: (1) the settlement made to Mary Brackett was not a voluntary payment and no determination of appellants' liability is necessary to trigger the indemnity clause; (2) the all-encompassing language of the indemnity clause covers this type of claim; and (3) there is no evidence of negligence by the appellants causing Mary Brackett's injuries. We affirm.

The Pillas own the building at 6411–21 Clayton Avenue in the City of St. Louis. They leased the building to Tom–Boy, Inc., who subsequently sub-leased the premises to Gewinner's Tom–Boy Supermarket, Inc.

In December of 1980, Mary Brackett fell on a city sidewalk adjacent to the building and sustained serious injuries. Brackett filed suit against the City of St. Louis and Gewinner's Tom–Boy Supermarket, Inc. The Pillas were joined as additional defendants.

The Pillas made demand by letter on Tom–Boy, Inc. to take over the defense of the case and to hold Pillas harmless from damages and litigation costs pursuant to the indemnity provision in Pilla's lease to Tom–Boy, Inc. which reads as follows:

> Lessee [Tom–Boy, Inc.] agrees to save the Lessor [Pillas] and Lessor's real estate agent, harmless from any and all damages and damage suits in connection with the liability for any and all injuries or damages suffered by any employee of said Lessee, or Lessee's agents, customers, guests or other persons whomsoever, caused to them or their persons or property in, on, or about or adjacent to said premises.

> Lessee further agrees to carry, at Lessee's expense, public liability insurance in the amounts of no less than $100,000/$300,000, a Certificate of Insurance to be furnished to Lessor to protect the interests of all parties hereto, which policy shall be so written as to protect the Lessor, and their said agent, in the same manner, and to the same extent as the Lessee, and to furnish Lessor with Certificate of Insurance of said policy.

Tom–Boy, Inc. acknowledged receipt of the demand letter but did not assume the defense of the lawsuit.

Upon advice of counsel, the Pillas' insurance company, Western Casualty & Surety Company, settled with Mary Brackett for $2500.00 to avoid further litigation, the possibility of loss, a possibility of appeal, and the expense. The City of St. Louis contributed $10,000.00, and Gewinner's Tom–Boy Supermarket, Inc. contributed $2500.00 for a total settlement of $15,000.00. The re-lease from Mary Brackett to the Pillas disclaimed any liability or negligence on the part of the Pillas.

Pillas later instituted this action against Tom–Boy, Inc. seeking indemnification under the lease provision previously set forth in the amount of $4809.27 (including attorneys' fees and costs). Tom–Boy, Inc. denied liability and filed a Third Party Petition against Gewinner's Tom–Boy Supermarket, Inc. alleging that if Tom–Boy, Inc. is held liable to the Pillas, then Gewinner's Tom–Boy Supermarket, Inc. is liable to indemnify Tom–Boy, Inc. because the identical indemnity provision is also in the lease between Tom–Boy, Inc. and Gewinner's Tom–Boy Supermarket, Inc.

The case was tried by the court without a jury and judgment was entered against the Pillas. Tom–Boy, Inc.'s Third Party Petition against Gewinner's Tom–Boy Supermarket, Inc. was dismissed as moot and without prejudice. The trial court made no findings of fact or conclusions of law, nor were any requested.

Initially, we note that the standard of review to be applied in a court-tried case is that "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976); Rule 73.01. We shall "view the evidence in the light most favorable to the prevailing party and disregard the contrary evidence." *Hackmann v. Sommerfor Development Corporation,* 741 S.W.2d 857, 859[1] (Mo. App.1987). Here, the parties did not request nor did the court make findings of fact or conclusions of law, therefore, "all fact issues are deemed found in accordance with the result reached, and the judgment must be affirmed under any reasonable theory supported by the evidence." *Snowden v. Gaynor,* 710 S.W.2d 481, 486[3–5] (Mo.App.1986).

Initially, appellants argue that the settlement made to Mary Brackett was not a voluntary payment, and that no determina-

tion of liability is necessary in order to be indemnified by respondent under the lease provision. Respondent, in turn, asserts that the settlement was indeed a voluntary payment. Respondent suggests that because appellants' liability was not determined in the original action by Mary Brackett, it was incumbent upon appellants to prove their liability for Mary Brackett's injuries. Because there is no proof of appellants' liability, appellants are not entitled to indemnification from respondent. To support this proposition, respondent relies on *Hamiltonian Federal Savings & Loan Association v. Reliance Insurance Company*, 527 S.W.2d 440 (Mo.App.1975) which states that an "indemnity contract against losses does not cover losses for which the indemnitee is not liable to a third person and which he improperly pays as a voluntary payment." *Id.* at 444[4].

The facts of this case differ from those in *Hamiltonian*, in that here, the appellants made a demand by letter upon respondent to assume the defense of the original Brackett action, but respondent refused to do so. A similar situation is found in *Missouri Pacific Railroad Company v. Rental Storage & Transit Company*, 524 S.W.2d 898 (Mo.App.1975) in which the widow of a deceased railroad employee instituted a wrongful death action against the Railroad. Pursuant to the indemnity provisions of the spur track agreement Missouri Pacific Company (Railroad) had with Rental Storage & Transit Company and General Warehouse Corporation (Rental Storage), Railroad advised Rental Storage that Railroad may be liable, that settlement negotiations had begun, and called upon Rental Storage to defend or settle the widow's claim. Rental Storage refused, whereupon Railroad, after investigation of the accident, settled the claim. *Id.* at 902. In response to Rental Storage's argument that Railroad merely made a voluntary payment and should be required to establish absolute legal liability before it could be indemnified, the court stated:

'Ordinarily, to sustain a claim upon an indemnity contract such as we have here, it is necessary for the indemnitee to prove legal liability to the injured party .... However ... where the indemnitor denies liability under the indemnity contract and refuses to assume the defense of the claim, then the indemnitee ... may make a good faith settlement without assuming the risk of being able to prove absolute legal liability or the actual amount of the damage.... A contrary rule would make the right to settle meaningless in cases where the indemnitor has denied liability.' *Id.* at 909[14] (citations omitted).

Moreover, a "sum paid in prudent settlement of a claim is not a voluntary payment, but is rather a sum paid under legal compulsion." *Missouri Pacific*, 524 S.W.2d at 909[14].

▮▮ We find the reasoning of *Missouri Pacific* to be persuasive. The amount paid by appellants to Mary Brackett was not disputed by respondent as being unreasonable. Once appellants made their demand by letter on the respondent to assume the defense of the litigation and respondent refused to do so, appellants were free to make a good faith settlement without having to demonstrate liability. Respondent is "in no position to insist upon a showing of absolute legal liability." *Id.* at 909[14]. Therefore, the fact that appellants settled the Mary Brackett claim absent a determination of liability does not in itself bar indemnification by respondent under the indemnity provision in the lease.

Appellants' second and third arguments may be considered together. Appellants assert that the language of the indemnity provision is all-encompassing and covers Mary Brackett's type of claim. Further, there is no evidence that appellants' act of negligence caused Mary Brackett's injuries. Respondent contends that any liability on the part of appellants to Mary Brackett must necessarily be based upon the negligence of appellants as owners of the building adjacent to the sidewalk. As such, the indemnity clause is not sufficient to indemnify appellants for their own negligence because such intention must be expressed in clear, unequivocal terms. We agree.

Although the original petition filed by Mary Brackett against the appellants is not included in the record, appellants' counsel admitted in oral argument that the original suit was an action for negligence. The law is clear in Missouri that where the parties stand on a substantially equal footing, one may legally agree to indemnify the other against the results of the indemnitee's own negligence. *Kansas City Power & Light Company v. Federal Construction Corporation*, 351 S.W.2d 741, 745[1, 2] (Mo.1961). However, "it has often been said that a contract of indemnity will not be construed so as to indemnify one against loss or damage resulting from his own negligent acts unless such intention is expressed in *clear and unequivocal terms*." *Id.* at 745[1, 2] (emphasis added). *See Missouri District Telegraph Company v. Southwestern Bell Telephone Company*, 338 Mo. 692, 93 S.W.2d 19, 28[18] (banc 1935). Moreover, "mere general, broad, and seemingly all-inclusive language in the indemnifying agreement is not sufficient to impose liability for the indemnitee's own negligence." *Kansas City Power*, 351 S.W.2d at 745[1, 2].

In *Commerce Trust Company v. Katz Drug Company*, 552 S.W.2d 323 (Mo.App. 1977) a landlord sought indemnification from its tenant for amounts paid in settlement to a pedestrian who fell on a sidewalk abutting the landlord's garage. The court found the following language insufficient to indemnify for the landlord's negligence:

> Tenant shall, throughout the entire term of this lease, indemnify, protect, and defend the Landlord from and against claims for damages, or injury of whatever kind or character to persons or property, howsoever caused, occurring in, on, or about the leased premises, approaches, and sidewalks adjacent to or pertaining to the same, and, further, if liability insurance be carried the Tenant shall furnish the Landlord with a certificate thereof.

*Id.* at 325, 326[3, 4]. Similarly, in *Asher v. Broadway–Valentine Center, Inc.*, 691 S.W.2d 478 (Mo.App.1985), the following language did not express in clear and unequivocal terms an agreement to indemnify for lessor's negligence:

> Lessee shall protect, indemnify, and save harmless the lessor against all damage or claims for damage and all loss, liability or expense, including all costs of attorneys' fees, on account of claims for injuries of any kind whatever, including damage or destruction to property occurring in, on or about said leased premises, or on the sidewalks or approaches adjacent thereto....

*Id.* at 484[6–8].

Such clear and unequivocal language was found in *Missouri Pacific Railroad Company*, 524 S.W.2d at 903[1], 908[12], in which the agreement which provided for indemnification concluded with "notwithstanding any possible negligence (whether sole, concurrent or otherwise) on the part of the [Railroad], its agents or employes[sic]."

Here, the language of the indemnity provision is similar to language found in the *Commerce Trust Company* and *Asher* cases rather than that found in *Missouri Pacific*. If there was an intention to indemnify appellants for their negligence, it was not clearly and unequivocally expressed. Broad, general language of the type here is insufficient. Thus, we conclude that the trial court did not err in denying appellants' claim for indemnity.

Judgment affirmed.

CRANDALL and GRIMM, JJ., concur.