Brian UELK, Plaintiff,

v.

**DIRECTORY DISTRIBUTING ASSOCIATES, INC., Defendant/Appellant,**

**Helen McKee, Trustee, and James West, Defendants/Respondents.**

No. 57884.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 29, 1991.

Rollin J. Moerschel, Lorna Louise Frahm, St. Charles, for defendant/appellant.

James E. Whaley, James P. Reinert, St. Louis, for defendants/respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Directory Distributing Associates, Inc., appeals a decision of the Circuit Court of St. Charles County denying its cross-claim against respondents, Helen McKee as trustee of the Harry McKee testementary trust and James West, and granting respondents' cross-claim against appellant. We affirm.

On November 4, 1986, Brian Uelk [1] travelled to appellant's offices at 4524 Woodson Rd. in St. Louis County for a job interview. Appellant's offices were leased by appellant from Harry McKee.[2] In order to enter appellant's offices, Uelk used an exterior set of metal grate stairs. Uelk used the same set of stairs to leave appellant's offices after the interview.

Uelk testified that, when he left appellant's offices, he put his left hand on the railing, took his first step onto the stairway, slipped and tumbled down the stairs.

While the stairs had been dry when Uelk arrived at the office for the interview, Uelk testified that, at the time of the accident, a light drizzle had fallen and wet the surface of the stairs. Uelk suffered a broken left arm and left elbow as well as facial injuries as a result of the fall.

Uelk filed suit against appellant and the respondents alleging that they were negligent in maintaining the stairs and in not warning him that the stairs were slick when wet. Respondents cross-claimed against appellant alleging that they were "entitled to be completely indemnified" by appellant by virtue of the following language in the lease between the appellant and the respondents:

Lessor shall not be liable to said lessee or any other person or corporation, including employees, for any damage to their person or property caused by water, rain, snow, frost, fire, storm, and accidents, or by breakage, stoppage or leakage of water, gas, heating and sewer pipes or plumbing, upon, about or adjacent to said premises.

Respondents also stated that, in the alternative, they were entitled to contribution.

Appellant also filed a counterclaim. In its counterclaim, appellant alleged that it was entitled to be indemnified by respondents by virtue of language in the lease stating that "lessor maintains exterior of building, including roof and parking area." Respondent West conceded at trial that this language also included the stairway at issue.

Prior to the trial, counsel for appellant and respondents agreed that the cross-claims would not be heard and determined by the jury, but rather would be determined separately by the trial court. The jury was, thus, to be instructed only on Uelk's claims against respondents and appellant.

At the trial, evidence was introduced to show that the metal grate stairs were more

1. Hereafter this court will refer to Brian Uelk as "Uelk." There is no disrespect to Mr. Uelk intended by this manner of reference.

2. Mr. McKee later died and the property passed into a testementary trust of which respondent, Helen McKee, is trustee.

slippery when wet than when dry and that the absence of paint on metal grate stairs makes them even more slippery. Further evidence was introduced to indicate that appellant had knowledge of the slippery condition of the stairs when they got wet and that appellant normally put a sign up warning that the stairs were slick when it rained or snowed. Evidence was further introduced that respondent West, then manager for the owner of the property in question, painted the stairs every two years and that the last painting had occurred only several months prior to the accident.

In the verdict directors given by the court, a verdict was to be entered for Uelk if the jury found that the steps on which Uelk had slipped were "slippery and lacked adequate paint cover and as a result the step was not reasonably safe." If the jury did not find these facts, the jury was to return a verdict for appellants and for respondents. The jury returned a verdict for Uelk in the amount of $17,500.00 and against the appellant and respondents assessing fault as follows:

40% appellant
30% respondent, West
10% respondent, Helen McKee as trustee
20% Uelk

The appellant and respondent soon thereafter filed their various motions in support of their counterclaims and in opposition to their opponent's counterclaims. On November 27, 1989, the court heard arguments on the motions and, on January 16, 1990, the trial court entered its order denying appellant's counterclaim and granting the counterclaims of respondents. This appeal followed.

The appellant first contends that the trial court erred in denying its cross-claim against respondent McKee in that the jury found that Uelk was injured by a fall caused by inadequate maintenance, and maintenance of the stairs, under the terms of the lease, was the responsibility of the respondent. We disagree.

■ Although the claims by Uelk against the appellant and respondents were tried by a jury, the cross-claims at issue in this appeal were not. Instead, the cross-claims were submitted to the trial court for an independent determination of liability. Where an appeal of a bench trial is presented to this court, this court will sustain the decision of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In addition, where the parties do not request findings of fact and conclusions of law and none are entered, as is the case here, the trial court is presumed to have made findings in accordance with the decree entered and the judgment will be affirmed under any reasonable theory supported by the evidence. *Pilla v. Tom-boy Supermarket, Inc.*, 756 S.W.2d 638, 639 (Mo.App., E.D.1988).

■ We initially note that the verdict of the jury in the trial on Brian Uelk's petition was not binding on the trial court in resolving the issues presented by the counterclaims. *Brown v. Harrison*, 637 S.W.2d 145 (Mo.App., W.D.1982). In *Brown*, a petition was filed by Brown alleging that Harrison and Joyce Oliver were negligent in operating their motor vehicles and that their negligence resulted in a collision with Brown. Oliver cross-claimed against Harrison alleging that Harrison's negligence was the cause of the accident and that Oliver hit Brown's car in an attempt to avoid a collision with Harrison. Oliver's claim against Harrison was severed for purposes of the trial on Brown's petition and the jury returned with a verdict for Brown and against Harrison and Oliver allocating fault of 75 percent and 25 percent respectively.

Harrison then filed a motion for summary judgment on Oliver's cross-claim alleging that Oliver's cross-claim was barred because the result in the Brown trial was res judicata, or alternatively, that Oliver should be collaterally estopped from proceeding. After the trial court granted summary judgment, Oliver appealed.

The Western District of this court first recognized that a verdict for Oliver against Harrison would not be inconsistent with the verdict for Brown in the first trial, despite the apparent inconsistency, because a judgment in favor of a plaintiff ordinarily "does not determine the relative rights or liabilities of codefendants unless their hostile or conflicting claims are actually brought into issue by pleadings and are litigated and determined." *Brown*, 637 S.W.2d at 147 (quoting *Page v. Hamilton*, 329 S.W.2d 758, 767 (Mo.1959)). The court then determined that Harrison and Oliver had not been in an adversarial position in the first trial, beyond believing that the other was at fault, and held that collateral estoppel did not apply. *Brown*, 637 S.W.2d 147–48. Finally, the court stated that "neither plaintiff nor the counterclaimed defendant has any priority or preemptive right to particular evidence or inferences to be drawn therefrom." *Id.* at 148 (quoting *Page*, 329 S.W.2d at 766).

In the present case, we have a situation very similar to that presented in *Brown*. The cross-claims of appellant and respondents were severed from the claim of Uelk and were not submitted to the jury. In addition, we do not see how the parties' positions in the Uelk case were any different from that of Harrison and Oliver in the *Brown* trial. The verdict of the jury was not binding on the trial court.

 Appellant argues that the decision of the trial court is against the weight of the evidence and misapplies the law. The basis for this argument is that respondents were responsible for maintaining the steps and that the "indemnity" clause in the lease was not sufficient to make appellant liable for respondents' negligent maintenance of the steps. Appellant then argues that, as the jury found the accident occurred because the steps were slippery and lacked adequate paint, the trial court's decision is error.

This is really no more than restating that the trial court is bound by the jury's verdict in the Uelk case, which we have already decided is not so. We agree that where a lessor retains possession of property for purposes of repairs, the landlord is under a duty to keep those portions of the premises over which he retains control in a reasonably safe condition and is liable for damages resulting from his failure to do so. *Tucker v. Taksel*, 345 S.W.2d 385, 387 (Mo.App., St.L.Ct.App.1961); *Hitchell v. Strauss*, 748 S.W.2d 771, 773 (Mo.App., E.D.1988). We also agree that contracts of indemnity will not be construed so as to indemnify one against loss and damage resulting from his own negligence unless such intention is expressed in clear and unequivocal terms. *Pilla v. Tom-boy, Inc.*, 756 S.W.2d 638, 641 (Mo.App., E.D.1988). However, the trial court could have found that the cause of the fall was totally appellant's fault due to appellant's failure to warn of the slippery condition of the steps and that the steps were adequately painted. There was evidence introduced at trial that the stairs were structurally sound and that respondent West had just painted them a few months prior to the accident. The fact that the jury discounted this evidence in its verdict for Uelk did not require the trial court to do the same in determining the merits of the counter-claims. "Neither the plaintiff nor the cross-claim defendant has any priority or preemptive right to particular evidence or inferences to be drawn therefrom." *Page*, 329 S.W.2d at 766. There was sufficient evidence that the steps had always been slippery when wet, that appellant knew of the problem, and that it usually put up signs warning people of the condition when it snowed or rained. There is also evidence that appellant had failed to do so on the day that Uelk slipped and fell. Finally there was evidence that respondents were never notified that the steps were slippery when wet.

Appellant claims that the respondents were liable in that the stairs were slippery and that the landlord was to maintain the stairs under the terms of the lease. The general rule is that a landlord is not liable for personal injuries received by a tenant or tenant's invitee. *Milne v. Pevely Dairy Co.*, 641 S.W.2d 158, 160 (Mo.App., E.D. 1982). Several exceptions exist to this rule. These exceptions include an exception where the landlord has knowledge of a

dangerous condition not discoverable by the tenant and fails to make disclosure, *Reckert v. Roco Petroleum Corp.*, 411 S.W.2d 199, 205 (Mo.1966), where an injury occurs in a common area *Jackson v. Ray Kruse Construction Company, Inc.*, 708 S.W.2d 664, 667 (Mo. banc 1986), and the exception noted above where the landlord is responsible for making repairs and negligently fails to do so. *Tucker*, 345 S.W.2d at 387. There is no evidence to suggest that the area of the accident was a common area; indeed it was solely for use by appellant. In addition, there was no evidence that respondents knew that the stairs were slippery. It is not required that a landlord be omniscient and repair defects within the knowledge of the tenant but not passed on by the tenant to the landlord. Had the appellant informed the respondents of the slippery condition of the outside stairs, this court might be able to say that the respondents were obligated to make such repairs and had negligently failed to do so. Such evidence does not appear in the record, however.

The decision of the trial court is affirmed.

CRIST and SIMON, JJ., concur.