Shirley A. BARTON, Appellant,

v.

Mark HOELSCHER, d/b/a Mark Electronics Sales & Service and E.J. Mertzlufft, deceased by Robert L. Officer, Respondent.

No. 62105.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1992.

Mark M. Wenner, Clayton, for appellant.

Edward T. Liese, Radford R. Raines, Donna Aronoff Smith, St. Louis, for respondent.

CRIST, Judge.

Appellant (Business Invitee) appeals the granting of summary judgment in favor of Respondent (Landlord) in a personal injury action. Business Invitee sustained injuries when she fell through a hole in a floor of the premises owned by Landlord. Landlord had rented the premises to Mark Hoelscher (Tenant) by an oral lease. We reverse and remand.

We view the evidence in the light most favorable to Business Invitee. *Irwin v. Wal-Mart Stores, Inc.,* 813 S.W.2d 99, 101 [3] (Mo.App.1991). Landlord rented said premises to Tenant for an electronics business for approximately three years.

In addition to Tenant's business use of the property, he also used premises as his residence, living in the basement of the building. In order to enter the basement living quarters, Tenant would use a storm cellar entrance located at the outside rear of the building. Due to his desire to enter the basement living quarters from the ground floor without using the outside storm cellar entrance, Tenant cut a rectangular hole, approximately 18 inches by 24 inches into the floor of the building. This hole was approximately 3 to 4 feet north of a southern-most, rear wall of the store and to the right of the rear door.

On September 29, 1990, Business Invitee came into Tenant's store to pick up a piece of stereo equipment which she had left to be repaired. She entered the premises through the rear door and stepped into the hole cut into the floor. She brought suit against Tenant and Landlord on February 20, 1991. After depositions were taken, Landlord moved for summary judgment, which the trial court granted on April 23, 1992.

Summary judgment was appropriate if no genuine issue of material fact existed and Landlord was entitled to judgment as a matter of law. Rule 74.04(c). Landlord had the burden of proving there was no genuine issue of fact. *Maryland Casualty Co. v. Martinez,* 812 S.W.2d 876, 879 [3] (Mo.App.1991).

Generally, a landlord is not liable for injuries to a tenant or a tenant's invitee on the premises. *Uelk v. Directory Distributing Assoc., Inc.,* 803 S.W.2d 632, 635 [6] (Mo.App.1991). However, Missouri recognizes several exceptions to this general rule, including the liability of the landlord for defects in a portion of the premises under his or her control. *Lemm v. Gould,* 425 S.W.2d 190, 195 [1] (Mo.1968); and *Uelk,* 803 S.W.2d at 635 [4]. This control is manifested by the landlord's agreement to repair and evidence of the tenant surrendering his right to exclusive possession and control. *Lemm,* 425 S.W.2d at 195 [1, 2]; *Milne v. Pevely Dairy Co.,* 641 S.W.2d 158, 161 [7] (Mo.App.1982); and *Erhardt v. Lowe,* 596 S.W.2d 489, 491 [4] (Mo.App. 1980). Further, Landlord may breach this duty if he is aware of a dangerous condition or could discover it through reasonable care. *Harrison v. Roberts,* 800 S.W.2d 40, 43–44 [4] (Mo.App.1990).

Summary judgment was inappropriate in this case because a genuine issue of material fact existed concerning the control retained by Landlord. Landlord agreed to

make "repairs as necessary." Landlord had made repairs to the roof. Landlord was in the business premises at least once a month to collect rent. There was evidence Tenant talked to the Landlord about cutting the hole in the floor and Landlord agreed as long as he did not cut any joists. It could also be inferred from the evidence that Landlord knew Tenant's customers would be entering the door through which Business Invitee entered. There were no affidavits filed by either party relating to the motion for summary judgment. These facts, for summary judgment purposes, are sufficient to present a genuine issue of material fact of whether Landlord retained sufficient control of the premises to have a duty to Business Invitee.

Summary judgment is reversed and the case is remanded.

AHRENS, P.J., and REINHARD, J., concur.