**Norma LEE, Plaintiff,**

v.

**JAVITCH, BLOCK & RATHBONE, LLP, et al., Defendant.**

No. 1:06 CV 585.

United States District Court, S.D. Ohio, Western Division.

April 17, 2007.

Stephen R. Felson, Cincinnati, OH, Steven Charles Shane, Bellevue, KY, for Plaintiff.

Michael D. Slodov, Javitch Block & Rathbone LLP, Cleveland, OH, Vincent P. Antaki, Reminger & Reminger Co LPA, Cincinnati, OH, for Defendant.

## ORDER

BECKWITH, Chief Judge.

Before the Court is Defendants' motion for judgment on the pleadings. (Doc. 13)

Plaintiff opposes the motion (Doc. 16) and Defendants have replied. (Doc. 17) Defendants have also filed two notices of additional authority (Doc. 20 and 24) in support of their motions.

## FACTUAL BACKGROUND

According to her complaint, Norma Lee receives Social Security benefits. She was sued on a consumer debt she allegedly owed. Defendant Javitch, Block & Rathbone is a law firm and a "debt collector" subject to the Fair Debt Collection Practices Act. Defendant Victor Javitch is an attorney in that firm.

Javitch filed a non-wage garnishment action against Lee in Ohio municipal court. Ohio statutes govern the procedure for garnishment actions. Under O.R.C. 2716.11, a judgment creditor or the creditor's attorney must file an affidavit stating:

(A) The name of the judgment debtor whose property, other than personal earnings, the judgment creditor seeks to garnish;

(B) That the affiant has a reasonable basis to believe that the person named in the affidavit as the garnishee may have property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States;

(C) A description of the property.

Javitch, representing Midland Funding LLC, filed such an affidavit stating that he "has a reasonable basis to believe that the person named in the affidavit as the garnishee may have property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States. The property is described as money, property or credits. The affiant's basis for believing the property is not exempt, is not based on knowledge of circumstances or facts regarding the judgment debtor's account, and is not the result of a legal assessment of the judgment debtor's right to seek/claim an exemption, and may be based in whole or in part on unverified assumptions." (Doc. 1, Exhibit A)

Lee alleges this affidavit was false and misleading, because Javitch had no reasonable basis to believe that money held by the garnishee may have been non-exempt. (Social Security payments are exempt from garnishment under the Social Security Act.) She alleges that the affidavit violated two sections of the FDCPA: 15 U.S.C. § 1692e(10), prohibiting the use of "deceptive or misleading representations" in attempting to collect a debt, and 15 U.S.C. § 1692f, prohibiting the use of "unfair or unconscionable means" to collect a debt.

Javitch seeks a judgment on the pleadings under Fed.R.Civ.P. 12(c). Javitch argues that under no circumstances can an affiant's belief about the existence of non-exempt funds be an actionable "representation" for FDCPA purposes. It suggests that an attorney's "subjective state of mind" is not an objective "legal assessment" about the validity of a debt, or about the non-exempt nature of assets subject to garnishment.

Javitch also raises a panoply of arguments concerning its immunity from FDCPA liability, its First Amendment rights, the Noerr–Pennington doctrine, and policy arguments about why the FDCPA should not apply to the law firm. The motion also contends that Lee's state law claim under the Ohio Consumer Sales Practices Act (O.R.C. 1345.01 et seq.) must be dismissed because Lee's underlying debt is a credit card debt, not subject to that statute.

## DISCUSSION

1. *Standards for Judgment on the Pleadings.*

■ A motion for judgment on the pleadings under Rule 12(c) is decided un-

der the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See, *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. In its consideration of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971). A court will accept all reasonable inferences that might be drawn from the complaint. *Fitzke v. Shappell*, 468 F.2d 1072, 1076–77 n. 6 (6th Cir.1972).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

2. *Plaintiff's FDCPA Claims.*

■ Congress first enacted this statute in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Sixth Circuit has noted that the Act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of innocent and/or de minimis violations. See *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992). The Court must evaluate the defendant's conduct under the "least sophisticated consumer" test, and objectively determine whether that consumer would be misled by the defendant's statement. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992).

As the parties know, the same claims alleged here were made against Javitch in *Griffith v. Javitch, Block & Rathbone*, S.D. Ohio Case No. 1:04–cv–238, on essentially identical facts. Javitch instituted an Ohio non-wage garnishment action against Griffith, using an affidavit in the form required by O.R.C. 2716.11. This Court denied Javitch's motion to dismiss Griffith's complaint, because the misstatement of fact allegedly made in the affidavit was material to the attempt to collect a debt. This Court also rejected Javitch's argument that the affidavit required by O.R.C. 2716.11 only "... requires the statement of belief as an incantation or formulaic recitation without any requirement that it be true. [Javitch] makes that suggestion in spite of the fact that an affiant must sign an affidavit, vouching for the truth of the matters included." (See Doc. 12, July 8, 2004 Order.)

Javitch's current motion in this case attempts to distinguish this Court's holding in *Griffith* by relying on two amendments to O.R.C. 2716.11, which took effect after the order in *Griffith* was entered. The former version of the statute required the affiant to affirm that he or she has "good reason to believe" that the garnishee "has" non-exempt property. The amended statute requires the affiant to affirm that he or she "has a reasonable basis to believe" that the garnishee "may have" non-exempt property. Javitch suggests the statute no longer requires the affiant to attest to a

"belief in fact," but only requires a "subjective belief regarding a possibility." Such statements of subjective belief, claims Javitch, are not actionable under the FDCPA.

The statute requires an affiant to affirm that he has "a reasonable basis to believe" that non-exempt assets may exist. Lee's complaint alleges that the affidavit was false and misleading because Javitch did not have "a reasonable basis to believe" that non-exempt assets might exist. The affiant either has a "reasonable basis" for a belief, or he does not. Javitch's arguments that the statute only requires a statement of "subjective belief" about possibilities is belied by the plain language of the statute.

In *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432 (6th Cir.2006), the Sixth Circuit considered an interlocutory appeal from the denial of defendant's motion to dismiss almost identical allegations concerning an Ohio garnishment affidavit. The Court rejected the defendant's contention that it was absolutely immune from FDCPA liability for any statements made in its affidavit. In analyzing why immunity did not apply, the Sixth Circuit noted that denying immunity for garnishment affidavits might increase the costs of debt collection, because "Defendant may actually be forced to obey Ohio law and conduct some sort of preliminary investigation of a debtor's assets to determine whether they are exempt. This increase in costs, however, will not be a disincentive for Defendant to pursue actions of garnishment." *Id.* at 442. While these observations about Ohio law may be dicta, this Court concludes they accurately reflect Ohio law. In *Griffith*, this Court found no decision, reported or otherwise, that supported Javitch's assertion that its affidavit statements were not actionable representations under Section 1692e(10). The same result applies here.

Section 1692f of the FDCPA prohibits "unfair or unconscionable" means to collect a debt. Examples provided in the statute include collecting an amount not expressly authorized by the original debt instrument, or communicating with a debtor using a postcard. This section has been described as a "backstop" in the statute, intended to cover actionable debt collection practices that may not be expressly addressed in Sections 1692d and 1692e. See, e.g., *Kistner v. Law Offices of Michael P. Margelefsky*, 2007 WL 120150, at *5, 2007 U.S. Dist. LEXIS 1925, at *15 (N.D.Ohio, Jan. 10, 2007), citing *Edwards v. McCormick*, 136 F.Supp.2d 795, 806 (S.D.Ohio 2001).

Javitch relies on a recent Seventh Circuit case, where the court noted that the phrase unfair or unconscionable "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474–75 (7th Cir.2007). The Seventh Circuit affirmed summary judgment granted to a defendant law firm on FDCPA claims based on a garnishment citation required by Illinois law. That law requires a citation issued by an attorney to a garnishee, and expressly instructs the garnishee (in this case a bank) **not** to release any funds that are exempt from garnishment. The law firm followed that required procedure, but the bank froze the plaintiff's account until it could sort out which funds might be exempt. The plaintiff in the case argued it was "unfair or unconscionable" for the attorney to issue the citation without a pre-citation hearing, something the Illinois statute expressly does not require nor suggest. The Seventh Circuit rejected plaintiff's argument, concluding that it would require engrafting a hearing requirement into the FDCPA and would override the Illinois legislature's statutory scheme. Here, in contrast, Ohio law expressly **requires** the attorney to affirm that he has "a reasonable basis to

believe" that non-exempt assets exist. If he has no basis, or a false basis, for his belief, such a statement could constitute "unfair or unconscionable" conduct.

The Court therefore denies Javitch's motion to dismiss Plaintiff's FDCPA claims.

### 3. Plaintiff's Ohio Law Claim.

■ The Ohio Consumer Sales Practices Act prohibits a covered "supplier" from committing unfair or deceptive acts concerning a consumer transaction. The statute specifically excludes transactions between financial institutions and their customers. Javitch argues that Lee's underlying debt is a credit card debt, a transaction with a financial institution. Javitch attaches a copy of the state court collection complaint to establish this fact.

This Court has held that a bank and its debt-collector attorneys are exempt from the OCSPA. See Lamb v. Javitch, Block & Rathbone, Case No. 1:04–cv–520, Doc. 19. However, as this Court noted in Williams v. JB & R,[1] the Court cannot find any definitive authority suggesting that an assignee of a financial institution, an assignee whose only business apparently is to collect debt, is entitled to the same exemption. Several Ohio authorities have noted that companies who are in the debt collection business are subject to the OCSPA. See, e.g., Dartmouth Plan, Inc. v. Haerr, 1990 WL 197884, 1990 Ohio App. LEXIS 5738 (Ohio 3rd App. Dist., Dec. 4, 1990):

> R.C. 1345.01(C) defines a supplier as an assignor not an assignee although Ohio courts have found assignees to be suppliers in certain circumstances. Generally, those circumstances are ones where the assignee is in the business of attempting to enforce payment of the debt for a supplier, i.e. a collection agency. The

courts deem such assignments as part of and effecting the consumer transaction. See Celebrezze v. United Research, 19 Ohio App.3d 49, 51, 482 N.E.2d 1260 (1985); Liggins v. The May Company, 44 Ohio Misc. 81, 337 N.E.2d 816, 73 O.O.2d 306, 308 (1975).

In any event, Plaintiff has not sued the assignee (Midland Funding LLC) for violating the OCSPA; she has only sued its lawyers.

Given this authority, the Court denies JB & R's motion to dismiss the OCSPA claim under Rule 12.

### 4. Defendants' Immunity and Constitutional Arguments.

Javitch raises a number of arguments on varying themes of immunity from FDCPA liability, and the public policy arguments against application of the FDCPA to attorneys engaged in debt collection litigation. This Court has rejected these arguments several times, as have my colleagues in this district. See, e.g., Hartman v. Asset Acceptance Corp., 467 F.Supp.2d 769 (S.D.Ohio 2004); Blevins v. Hudson & Keyse, Inc., 395 F.Supp.2d 655 (S.D.Ohio 2004); Kelly v. Great Seneca Financial Corp., 443 F.Supp.2d 954 (S.D. Ohio 2005); and Delawder v. Platinum Financial Services, as well as Gionis v. Javitch, Block & Rathbone, discussed above. And in Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432 (6th Cir.2006), the Sixth Circuit affirmed the district court's conclusion that attorneys engaged in debt collection litigation are not absolutely immune from FDCPA liability.

Defendants' immunity/First Amendment/right to petition issues have been exhaustively addressed in the cases cited, and Javitch raises no new arguments. Therefore, the Court again finds no merit

---

**1.** S.D. Ohio Case No. 1:05–cv–819–SSB, Doc. 44, Order of March 22, 2007.

in JB & R's claims of immunity, and overrules the Defendants' motion based on those arguments.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion for judgment on the pleadings (Doc. 13) is denied.

SO ORDERED.