OPINION
Plaintiff-Appellant, Peter C. Gatto, appeals the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Cary J. Zabell, Esq., and Cary J. Zabell Co., L.P.A. For the reasons that follow, we reverse and remand.
The facts giving rise to this appeal began on August 23, 1983, when appellant entered into a lease agreement with Frank Nero Auto Lease, Inc. for a 1982 Lincoln Mark IV automobile. Pursuant to the lease agreement, appellant was obligated to make twenty-two monthly payments of $441.80 and to maintain comprehensive insurance coverage on the vehicle. On February 23, 1984, the vehicle was stolen. Appellant had no insurance on the car when it was stolen and subsequently stopped making payments on the lease.
On December 20, 1984, Nero Auto Lease filed suit against appellant in Cuyahoga Court of Common Pleas for breach of the lease agreement. Frank Nero Auto Lease, Inc. v. Peter C. Gatto, Jr.,
Case No. 84816. Appellees represented Nero Auto Lease in the lawsuit.
The docket in Case No. 84816 reflects that service of the summons and complaint was never perfected on appellant. Although the clerk attempted to serve appellant by certified mail three times, the return receipts were returned with the notations "not deliverable as addressed," "moved" and "unclaimed." On April 2, 1985, at appellees request, the clerk attempted service by ordinary mail. The mail was returned, however, and the docket entry dated April 8, 1985, reads "not deliverable as addressed."
Nevertheless, on May 13, 1985, Nero Auto Lease, through its attorneys, appellees, moved for default judgment against appellant, asserting in its motion that proper service had been made on appellant and that he was in default of an answer. On June 18, 1985, Nero Auto Lease took a default judgment against appellant in the amount of $15,513.06, plus interest at the rate of 10 percent to date of payment and costs.
Subsequent to obtaining the default judgment, Neros insurance carrier, Insurance Company of North America, paid Nero $12,051 for its damages resulting from the theft of appellants vehicle.
On August 14, 1985, Insurance Company of North America, as an assignee of Neros rights under the lease, filed a complaint against appellant in Cuyahoga Court of Common Pleas for damages pursuant to the lease agreement between Nero Auto Lease and appellant. Ins. Co. of North America v. Peter C. Gatto, Jr., Case No. 96079. On December 2, 1987, upon payment of $1500 by appellant, the case was settled and dismissed.
Nine years later, on March 21, 1994, Nero Auto Lease, through its attorneys, appellees, filed a motion to revive the default judgment entered against appellant on June 18, 1985 in Case No. 84816. Appellant contacted appellees several times and requested that the motion be dismissed because his obligation on the lease had been satisfied by his $1500 payment to Insurance Company of North America in Case No. 96079. Appellees refused to dismiss their motion.
Appellant did not file a response to the motion, however, and the trial court granted the motion on April 15, 1994. Subsequently, upon proof of satisfaction of appellants obligation to Insurance Company of North America in Case No. 96079, appellant and appellees agreed to a stipulated entry vacating revival of the default judgment and ordering that the default judgment entered against appellant on June 18, 1985 be marked satisfied as of August 14, 1985.
On August 5, 1995, in Case No. 274945, appellant filed a complaint in Cuyahoga Common Pleas Court against appellees and Nero Auto Lease, alleging that they had violated the Ohio Consumer Sales Practices Act by "falsely represent[ing] the legal status and amount of the debt owed" by appellant. Appellant also alleged that appellees had violated the Fair Debt Collection Practices Act.[1]
Appellant alleged that he had incurred attorney fees in the amount of $8,000 as a result of appellees and Neros actions and sought treble damages pursuant to Section 1345.09 of the Ohio Consumer Sales Practices Act.
The trial court granted appellees motion for partial summary judgment with respect to the alleged violations of the Fair Debt Collection Practices Act but denied their subsequent motion for summary judgment regarding the alleged violations of the Ohio Consumer Sales Practices Act. The trial court also denied Nero Auto Leases motion for summary judgment.
Appellant dismissed Case No. 274945 without prejudice on August 6, 1996. On August 5, 1997, appellant refiled a single-count complaint against appellees and Nero Auto Lease, alleging that they had violated the Ohio Consumer Sales Practices Act and seeking treble damages. The trial court, without opinion, granted appellees motion for summary judgment but denied Neros motion to dismiss.
Subsequently, appellant and Nero entered into a settlement agreement and the case was dismissed. Appellant timely appealed, asserting the following assignment of error for our review:
 I. WHETHER THE LOWER-COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF CARY J. ZABELL AND CARY J. ZABELL CO., L.P.A., UPON THE GROUNDS THAT A LEGAL PROCEEDING INITIATED UPON A CONSUMER DEBT WAS EXEMPT FROM OHIO'S CONSUMER SALES PRACTICES ACT.
This court reviews the lower courts granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. An appellate court applies the same test as a trial court, as set forth in Civ.R. 56(C). Civ.R. 56 provides that before summary judgment may be granted, it must be determined that:
 1) no genuine issue as to any material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317. 327,
The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. CelotexCorp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115; Dresher v. Burt (1996), 75 Ohio St.3d 280. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Chaneyv. Clark Cty. Agric. Soc. Inc. (1993), 90 Ohio App.3d 421. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. AnchorMedia, Ltd. (1991), 59 Ohio St.3d 108, 111; Dresher v. Burt, supra.
In his complaint, appellant alleged that appellees actions in obtaining a default judgment against appellant without proper service of the summons and complaint, reviving the invalid dormant judgment even though appellants obligation to Nero Auto Lease had been satisfied by his payment to Insurance Company of North America and refusing to dismiss the revivor action even after appellant informed appellees that the obligation was satisfied were deceptive or unconscionable acts in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et. seq.
R.C. 1345.02 states in pertinent part:
 (A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.
R.C. 1345.01(C) defines "supplier" as:
 [A] seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer.
A person retained to collect, or attempt to collect, upon claims of debt arising from a consumer transaction is a "supplier" as defined by R.C. 1345.01(C). Celebrezze v. United Research, Inc.
(1984), 19 Ohio App.3d 49, 51; Liggins v. May Co. (1977), 53 Ohio Misc. 21,24. Accordingly, appellees are suppliers for purposes of this action, an issue they did not contest in the trial court. It is a deceptive and unconscionable act or practice, as defined by R.C. 1345.02 and 1345.03, for a supplier, in the process of collecting or attempting to collect upon a debt arising from a consumer transaction to falsely represent the status of any legal proceeding. Id.
Appellees argued in their motion for summary judgment that they were entitled to summary judgment for two reasons: 1) their actions to revive and execute on the default judgment against appellant were exempt under the Ohio Consumer Sales Practices Act; and 2) even if their actions were not exempt, appellants claim was barred by the two-year statute of limitations applicable to the Act. We do not agree.
In their second argument, appellees argued that appellants deposition testimony establishes that he was put on notice of the default judgment in 1989 when he saw his credit report, which noted a judgment against him. Accordingly, appellees argued, because appellant was aware of the default judgment against him as early as 1989 and failed to take any action pursuant to the Ohio Consumer Sales Practices Act within the applicable two-year period, his claim is barred. Appellees argument takes appellants testimony out of context.
Although appellant acknowledged in his deposition that he saw his credit report in 1989, appellant testified further that he thought that the judgment referred to on the credit report was the judgment that Insurance Company of America had taken against him in Case No. 96079. Appellant testified that in 1989 he had no idea that another case involving the stolen car had been filed against him.
Appellants testimony only makes sense. Because he was never served with the complaint and summons in Case No. 84816, appellant would have no reason to know that Nero Auto Lease had obtained a default judgment against him for the same obligation that he had settled in the lawsuit filed by Nero's insurance carrier. There is no evidence, therefore, that appellant was on notice in 1989 of the default judgment taken by Nero Auto Lease, and appellants action is not barred by the statute of limitations.
The trial court apparently reached the same conclusion. In its motion to dismiss, Nero Auto Lease also argued that appellants claim should be dismissed because it was barred by the two-year statute of limitations. The trial court apparently rejected the statute of limitations argument because it denied Neros motion to dismiss. Although the trial court did not issue an opinion regarding either motion, we conclude, therefore, that the trial court granted appellees motion for summary judgment on the basis that their actions were exempt under Ohio's Consumer Sales Practices Act.
In their motion for summary judgment, appellees argued that there is no evidence that they knew about the payment by appellant to Insurance Company of North America nor that the default judgment was satisfied by such payment and, therefore, their actions in attempting to revive the default judgment are exempt under the Act. This argument is without merit.
Intent or knowledge is not a required element of the Consumer Sales Practices Act. Fletcher v. Don Foss of Cleveland, Inc.
(1993), 90 Ohio App.3d 82, 86. A consumer establishes a claim under the Act by proving facts that establish an act or practice described in R.C. 1345.02 or 1345.03. Id. Thus, even if there is no evidence showing that appellees acted "knowingly," they can not escape liability under the Act if they committed a deceptive or unconscionable act with respect to collecting appellants debt.[2]
Appellees also argued in their motion for summary judgment that their actions are exempt under the Act pursuant to R.C.1345.12, which provides:
 Sections 1345.01 to 1345.13 of the Revised Code do not apply to:
 (A) An act or practice required or specifically permitted by or under federal law, or by or under other sections of the Revised Code * * *.
R.C. 2325.15 provides in pertinent part:
 [W]hen a judgment * * * is dormant * * * under the order of the court therein made, such judgment may be revived * * * by action in the court in which such judgment was rendered * * *.
Therefore, appellees argued, their action in filing the motion to revive the dormant default judgment rendered against appellant on June 18, 1985 was permitted by R.C. 2325.15, and, thus, exempt from the Ohio Consumer Sales Practices Act.
Appellees argument, however, ignores appellants claim that appellees violated the Ohio Consumer Sales Practices Act in the first instance by obtaining a default judgment against appellant without proper service of the summons and complaint. As an exhibit to his brief in opposition to appellees motion, appellant attached a copy of his brief in opposition to Nero Auto Leases motion to dismiss filed in Case No. 274945. Attached to this brief was a certified copy of the docket in Case No. 84816 which clearly reflects that appellant was never served with the summons and complaint in that case.
Viewing this evidence and all inferences to be drawn from it in a light most favorable to appellant, as we are required to do, we conclude that a jury could find that appellees actions in procuring a default judgment without proper service on appellant, and then some nine years later, attempting to revive and execute on the invalid judgment, even after appellant informed them that the judgment was satisfied, were a violation of the Ohio Consumer Sales Practices Act. Accordingly, the trial court erred in granting summary judgment in favor of appellees where a material question of fact remained as to the propriety of appellees actions.
We find the error claimed by appellant well taken, reverse the decision of the court below and remand for a trial on the issues presented.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.
TIMOTHY E. McMONAGLE, PRESIDING JUDGE
MICHAEL J. CORRIGAN, JUDGE
ANNE L. KILBANE, JUDGE
[1] "Appellant also asserted a legal malpractice claim against A. Richard Valore and Valore, Moss and Kalk, his lawyers in Case No. 96079, for their failure to obtain a satisfaction of the default judgment taken by Nero Auto Lease in Case No. 84816. This claim was settled and dismissed with prejudice on January 10, 1995.
[2] Appellees knowledge becomes relevant only if it is determined that they violated the Ohio Consumer Sales Practices Act. R.C. 1345.09(F) provides that the court may award reasonable attorneys fees to the prevailing party if the supplier has knowingly committed an act or practice that violates the Act.