Trudy WHISENAND, Appellant,

v.

Vernon T. McCORD, Respondent.

No. WD 55899.

Missouri Court of Appeals,
Western District.

March 30, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 1, 1999.

Application for Transfer Denied
Aug. 24, 1999.

---

James O. Turner, St. Joseph, for appellant.

Joseph W. Elliott, St. Joseph, for respondent.

Before JAMES M. SMART, Jr., Presiding Judge, Judge FOREST W. HANNA and Judge LAURA DENVIR STITH.

**LAURA DENVIR STITH, Judge.**

Plaintiff/Appellant Trudy Whisenand ("Plaintiff") appeals from a judgment entered on March 24, 1998, on a jury verdict in favor of Defendant/Respondent Vernon T. McCord ("Defendant") on her claim for personal injuries arising out of an accident in which Defendant's vehicle struck the open driver's side door of her vehicle as she leaned into her vehicle through that door. Plaintiff's sole point on appeal is that the trial court abused its discretion when it allowed defense counsel, in closing argument, to discuss the negligence and causal responsibility for the accident of persons not parties to the lawsuit. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 1989, at approximately 10:30 p.m., Plaintiff, her husband, Roger Muff, and his daughter, Kathy Muff, left a McDonald's restaurant in St. Joseph, Missouri. They drove north on Highway 169 in a small pickup truck driven by Ms. Muff. The truck began "cutting out" just north of St. Joseph, so Ms. Muff pulled the vehicle off the road and six to eight inches onto the shoulder of the two-lane highway.

Leonard Henderson was also traveling north on Highway 169 when he passed the stalled vehicle. He turned his pickup truck around and came back to offer his assistance. He testified that at first he stopped in the southbound lane to offer help, and then pulled his car off on the shoulder of the southbound lane, roughly even with the stalled vehicle, with his headlights on.

At about this same time, Plaintiff walked around to the driver's side of the stalled vehicle and opened the door so she could try and start the engine while her husband was working under the hood. At her husband's direction, Plaintiff turned off the headlights and hazard lights to save power for the battery. She did not get all the way into the vehicle, but instead stood in the northbound lane of the highway in front of the driver's side door, and, with the door open, leaned into the pickup to try and start the engine.

It was at this point that Mr. McCord, the Defendant, approached from the south in his Kenworth tractor-trailer, heading north on Highway 169. Defendant testified that the light shining from Mr. Henderson's headlights prevented him from seeing Plaintiff standing next to the stalled truck until he got near the two stopped vehicles. Once he was close enough to see Plaintiff he did not have time to veer or brake, so he attempted to steer between her vehicle and that of Mr. Henderson. He testified that the space available to pass was narrow because Plaintiff's door blocked part of the northbound lane, and because Mr. Henderson's truck was, in fact, still blocking part of the southbound lane, and was not pulled all the way onto the shoulder as Mr. Henderson later claimed. Defendant was unable to successfully steer his tractor-trailer between the two other vehicles. As he passed them, he struck the open door of the stalled vehicle, causing Plaintiff's injuries.

Plaintiff sued Mr. McCord, alleging he was negligent in "allowing his tractor-trailer semi to protrude over onto the shoulder of his lane of travel, sideswiping the stalled motor vehicle and grazing plaintiff." Mr. McCord denied his fault. Neither party brought in Mr. Henderson (the driver of the third vehicle) as a party.

The evidence at trial was as set out above. During closing argument, defense counsel argued that Defendant was not negligent and did not cause the accident, and that it was caused by others. He also argued that Mr. Henderson's truck was partly blocking the southbound lane so that there was insufficient room for the Defendant to pass between the two vehicles. Plaintiff's counsel objected to this argument on the grounds that it was an attempt to place fault on "ghost" defendants, since Mr. Henderson was not a party. His objection was overruled. The jury returned a verdict for Defendant,

finding Plaintiff to be 100% at fault. Plaintiff appeals.

## II. THE TRIAL COURT DID NOT ERR IN ALLOWING DEFENDANT TO ARGUE THE NEGLIGENCE AND CAUSAL FAULT OF OTHERS

Plaintiff's sole point on appeal is that the trial court erred in allowing defense counsel to use closing argument as a means of interjecting the negligence of persons not parties to the lawsuit. The point arose at trial as follows:

**Def. Counsel:** I can tell you what caused this accident. What caused this accident were three people who left late at night –

**Pl. Counsel:** Your Honor –

**The Court:** Yes, sir.

**Pl. Counsel:**—I'm going to object to that because the only Defendant in this case – you can't argue about ghost Defendants. If he wanted those people in the case, he could have brought them in. They're not in the case. He's only entitled to discuss the negligence of the parties.

**The Court:** I appreciate that. Your objection is overruled. It's closing argument.

**Def. Counsel:** The reason this accident happened is because three people got in a small pickup truck and they headed north out of St. Joseph late at night. And that pickup stalled, the engine was cutting out, and it came to rest on the edge of 169, part of that pickup still being on 169 . . .

Later defense counsel further stated:

**Def. Counsel:** . . . The safest thing would have been to do – would have been to move that pickup well off the road, which did not happen. . . .

. . . Now let me tell you something about Mr. Henderson. I didn't talk to Mr. Henderson first, Mr. Turner did. And he talked to him right after this acci-

dent. Now you can make whatever sense that you want of Mr. Henderson's testimony, but Mr. Henderson knew that he was sitting in that south bound lane with his lights on, without his flashers on, without flashing his headlights to warn the oncoming traffic that he saw, he might have been in a lawsuit. So I would suggest to you that Mr. Henderson had a motive, very clear, to try to get himself off that road – and that's exactly what he tried to do . . .

. . . But you will not hear from me again. And just keep in mind what I've argued. Keep in mind, most importantly, the evidence. . . .

■ Plaintiff asserts that this argument by defense counsel constituted an improper attempt to convince the jury to allocate fault to Mr. Henderson rather than to Plaintiff or Defendant, and that such an attempt to lay blame on a nonparty was disapproved in *Cook v. Willis,* 885 S.W.2d 791 (Mo.App.1994).[1] While Plaintiff is correct that *Cook* held that the trial court in that case had erred by allowing defendant to argue the negligence of the injured plaintiff's parents during closing arguments, *Cook* also made clear that this ruling was limited to the particular facts of that case. Specifically, the court held that defense counsel's arguments about the parents' presence at the scene of the accident were improper because only the mother had been present at the scene. In addition, prior to defense counsel's argument, the trial court had directed a verdict on the third-party claim that the mother was negligent, finding it was not supported by the evidence. Because of the directed verdict for the mother, the court held that defense counsel was not entitled to argue the mother's negligence, for counsel's arguments were based on both a misstatement of fact and a misstatement of law, in that the "effect of the argument, and of the trial court overruling Plaintiffs' objection,

---

1. Defendant argues the error was not preserved because the objection was made prematurely. We need not determine this issue because we find that, assuming the argument was preserved, it is not well-taken.

was to negate the prior ruling that precluded the jury from considering whether any fault was allocable to Ronnie's mother." *Id.* at 794.

■ For these reasons, *Cook* does *not* stand for the proposition that a defense attorney may never argue the negligence of parties not named in the lawsuit, as Plaintiff argues. It simply states one cannot argue the negligence of a person who was a party but who was dismissed out on the merits. Indeed, the rule Plaintiff argues for could not be supported by *Cook* or other authority, for, both as a matter of law and as a matter of logic, evidence that a third party caused the injury may be relevant and necessary to the jury's determination of the negligence and causation issues.

■ For this reason, in *Oldaker v. Peters*, 817 S.W.2d 245 (Mo. banc 1991), our Supreme Court rejected an argument similar to the one asserted here, that it was improper to allow the defendant to argue the comparative fault of two non-parties since the jury could apportion fault only among those who are parties at trial.[2] The Court held that the issue being argued was not apportionment of fault, but, as here, the lack of negligence or fault of the defendant. As such, "defendant may introduce any evidence that tends to establish that she is not guilty of the negligence charged." *Id.* at 252. Defendant may even introduce evidence that someone else is the sole cause of the accident, for, while MAI 1.03 does not permit a sole cause instruction,[3] it does not "prevent a defendant from introducing evidence and arguing that the acts of one other than the defendant were the sole cause of the accident." *Oldaker*, 817 S.W.2d at 253, *quoting, Simpson v. Smith*, 771 S.W.2d 368, 373 (Mo.App.1989).

■ This holding is consistent with the basic principles governing closing argument. "The permissible field of closing argument is a broad one, and as long as counsel confines himself to the evidence and does not go beyond the issues and urge prejudicial matters or urge a claim or defense which the evidence does not justify, he is to be given wide latitude in his comments." *Hoehn v. Hampton*, 483 S.W.2d 403, 408 (Mo.App.1972). "A party is entitled to argue all the evidence presented for the determination by the jury. The evidence of the defendant may be purely negative (non-negligence of the defendant) or affirmative (another's negligence was the cause of the injury). All of the evidence is for the jury to determine, and unless the defendant's evidence shows him to be negligent as a matter of law, the issues are for the jury." *Id.* at 409.

Here, the statements Plaintiff complains of all relate to evidence that was before the jury. In his closing argument, defense counsel argued that his client did everything possible to avoid the accident and suggested that others, including the Plaintiff, her husband, her step-daughter and Mr. Henderson, had acted negligently and created the dangerous situation. Each of these individuals had testified as to their actions leading up to the accident. This evidence at trial, considered in the light most favorable to Defendant, indicated that the stalled vehicle remained partially on the highway, that the headlights and hazard-lights on the stalled vehicle where turned off, and that Mr. Henderson's vehicle was sitting partially in the southbound lane, facing the Defendant's vehicle, with its headlights on, thereby impairing Defendant's ability to see the stalled vehicle. No objection is raised on appeal to admission of this evidence, which defense counsel relied on to paint a complete and coher-

**2.** *See Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 641 (Mo. banc 1987) (holding misstatements of law are impermissible during closing argument and, in Missouri, fault is only to be apportioned among those at trial.)

**3.** MAI 1.03 provides, "No instruction shall be given on behalf of the Defendant which hypothesizes that the conduct of one other than Defendant was the sole cause of the occurrence." Missouri Approved Jury Instructions, Fifth Ed. (1996).

ent picture of the circumstances of the accident, to attack Mr. Henderson's credibility and to demonstrate that his client's actions were reasonable and did not cause Plaintiff's injuries. In fact, Plaintiff's counsel's own closing arguments recognized that the negligence of others was raised by the evidence, but could not enter into the fault calculation as between Plaintiff and Defendant, stating, "Now, Mr. Elliott's (sic) told you you should put 100 percent. Well, let's face something here. We have a lot of other people involved that Trudy's not responsible for. But, unfortunately, Mr. Elliott had a choice, he could go up against other defendants and he didn't. So now you've got to put the fault between these two people."

Of course, it would not have been proper for defense counsel to argue to the jurors that they should apportion fault to phantom parties, that is, to persons who were not parties to the lawsuit. He did not do so, however. Rather, in accordance with the jury instructions, defense counsel asked the jury to, "enter against Defendant zero percent and against the Plaintiff Trudy Whisenand 100 percent. Total it. If that is your finding, there is no need to discuss the damages." That is what the jury did here.

For all of these reasons, we hold that the statements made by defense counsel in his closing arguments were based on the evidence adduced at trial and constituted proper argument on the issues of negligence and causation. The judgment is affirmed.

Presiding Judge JAMES M. SMART, Jr. and Judge FOREST W. HANNA, concur.