Gerard P. MENGWASSER, Appellant,

v.

ANTHONY KEMPKER TRUCKING,
INC., Respondent.

No. WD 70835.

Missouri Court of Appeals,
Western District.

March 23, 2010.

As Modified April 27, 2010.

---

.Randy W. James, Lee's Summit, MO, for Appellant.

Russell F. Watters, Chad M. deRoode, and Patrick A. Bousquet, St. Louis, MO, for Respondent.

Before Division III: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is a negligence case in which the jury returned a verdict for the defendant. The plaintiff appeals, arguing that the trial court abused its discretion in admitting certain evidence, refusing to admit certain other evidence, and in failing to give a jury instruction proposed by the plaintiff. We affirm.

### Factual and Procedural Background[1]

■ Appellant Gerald P. Mengwasser was a passenger in a pick-up truck that collided with a dump truck which was operated by Dennis Braun and owned by Respondent Anthony Kempker Trucking,

Inc. ("Kempker"). The driver of Mr. Mengwasser's vehicle was his wife, Sandra Mengwasser. At the time of the accident, Mrs. Mengwasser and Mr. Braun were driving on a two-lane highway. Both vehicles were traveling in the same direction, with Mr. Braun in the lead and several vehicles between his dump truck and Mrs. Mengwasser's pick-up. Mr. Braun had come to a stop in order to turn left off of the highway. Seeing a line of slow-moving or stopped vehicles in front of her, Mrs. Mengwasser pulled into the left (oncoming traffic) lane and attempted to simultaneously pass at least three, and as many as seven, vehicles, one of which was an eighteen-wheeler. Mr. Braun had turned his blinker on and had begun slowing down a quarter of a mile before he began to turn left. Mr. Braun looked in his rearview mirror before turning left and did not see Mrs. Mengwasser's vehicle. Mrs. Mengwasser increased her speed in order to pass the other vehicles. The driver in the vehicle immediately behind the dump truck heard the acceleration of the Mengwassers' vehicle as it passed. The Mengwassers' vehicle struck the driver's side of the Kempker truck as the truck turned left. Mr. Mengwasser later told medical professionals at the Rusk Rehabilitation Center that he was frustrated with his wife because he had warned her about the dump truck turning left while she was attempting to pass it.

Mr. Mengwasser was injured in the accident and sued Kempker on the theory that Kempker was vicariously liable for the alleged negligence of Mr. Braun. In its answer, Kempker pled (in the form of denials) that Mr. Braun did not act negligently and that Mr. Braun's actions did not proximately cause Mr. Mengwasser's injuries. As an affirmative defense, Mr.

---

1. We view the facts in the light most favorable to the jury's verdict. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 455 (Mo. banc 2006).

Braun pled the comparative fault of both Mr. and Mrs. Mengwasser.

Prior to trial, Mr. Mengwasser settled any claims that he had against Mrs. Mengwasser. Kempker filed an amended answer, asserting a setoff for the amount received by Mr. Mengwasser in settlement proceeds, $50,000. As it had done in its initial answer, Kempker pled that Mr. Braun did not act negligently and that he did not proximately cause Mr. Mengwasser's injuries. In addition, Kempker again pled the affirmative defense of comparative fault.

The matter was tried by jury on November 19–21, 2008. Mr. Mengwasser filed a motion *in limine* to exclude all evidence and argument tending to show that Mrs. Mengwasser was at fault in causing the accident. The trial court held that it would listen to the evidence and decide what to do at the instructions conference. The trial court noted, however, that it did not "know how you try an automobile accident without being able to say what both drivers did." Mr. Mengwasser then moved to have his statement to the medical professionals, regarding his wife's fault, excluded. The court overruled Mr. Mengwasser's motion, ruling that the statement could come in to impeach Mr. Mengwasser's testimony and as an admission "that someone else was at fault and that he warned her about it."

Kempker's counsel mentioned Mr. Mengwasser's statement to the medical professionals, regarding Mrs. Mengwasser's fault, in his opening statement. On cross-examination of Mr. Mengwasser, counsel for Kempker asked him, over a continuing objection, if he had made the statement, and Mr. Mengwasser stated that he did not remember but that he may have. On cross-examination of Mrs. Mengwasser, counsel for Kempker asked her if she thought that passing multiple cars at one time was unsafe. Counsel for Mr. Mengwasser objected on the grounds that the question "[c]alls for a legal conclusion and invades the province of the jury." The trial court overruled the objection. Mrs. Mengwasser testified that she thought passing multiple cars at one time was unsafe but that she had never passed "multiple" vehicles at once.

Near the close of trial, Mr. Mengwasser moved to admit evidence of the settlement agreement between Mr. Mengwasser and Mrs. Mengwasser and to instruct the jury that "[i]n determining the amount of plaintiff's damages, you are not to consider any evidence of prior payments to plaintiff. The judge will consider any such payment and make an adjustment if required by law." The court noted that the instruction, Missouri Approved Instruction ("MAI") 34.05, should be given "[i]f the case is submitted under comparative fault" and that Kempker had not yet submitted a comparative fault instruction. At this time, Kempker formally withdrew its affirmative defense of comparative fault. The trial court then overruled Mr. Mengwasser's motion.

During closing argument, counsel for Kempker stated that the accident occurred "[b]ecause somebody was in a hurry to get to the destination, made a bad mistake, and now does not want to take responsibility for that mistake." Counsel for Mr. Mengwasser then renewed Mr. Mengwasser's motion for the MAI 34.05 instruction and asked that counsel be permitted to mention the settlement in her closing argument. The trial court overruled the motion.

The jury returned a defense verdict. Judgment was entered, noting that the jury had found Kempker to be 0% at fault. This appeal follows.

Mr. Mengwasser argues that the trial court abused its discretion in permitting Kempker to argue that Mrs. Mengwasser was negligent and that her actions proximately caused the accident. Mr. Mengwasser argues further that the trial court abused its discretion in refusing to admit evidence of Mrs. Mengwasser's settlement and in failing to instruct the jury that it should disregard prior payments in determining the amount of Mr. Mengwasser's damages. We affirm.

## Standard of Review

■ We review the issues raised by Mr. Mengwasser under an abuse of discretion standard. *Peters v. GMC*, 200 S.W.3d 1, 22 (Mo.App. W.D.2006) (holding that the trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard); *Intertel, Inc. v. Sedgwick Claims Mgmt. Servs., Inc.*, 204 S.W.3d 183, 193 (Mo.App. E.D.2006) (holding that a trial court's refusal to give a jury instruction is reviewed under an abuse of discretion standard). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Peters*, 200 S.W.3d at 23.

## Legal Analysis

### A. Evidence and argument showing that Mrs. Mengwasser's negligence proximately caused the subject accident.

Mr. Mengwasser first argues that the trial court abused its discretion in admitting evidence of Mrs. Mengwasser's fault in proximately causing the accident. We disagree.

### 1. Relevance

■ Mr. Mengwasser argues that evidence tending to show that Mrs. Mengwasser's conduct proximately caused the accident should have been excluded because it was irrelevant.

The principal criterion for the admission of evidence is relevancy. Evidence is logically relevant if it tends to prove or disprove a fact in issue or corroborate other evidence. Logically relevant evidence is not necessarily admissible; the evidence must also be legally relevant. Legal relevance involves a process through which the probative value of the evidence (its usefulness) is weighed against the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time or needless presentation of cumulative evidence (the cost of evidence).

*Porter v. Toys 'R' Us–Del., Inc.*, 152 S.W.3d 310, 318 (Mo.App. W.D.2004) (internal citations and quotation marks omitted).

■ Evidence that tended to prove that Mrs. Mengwasser, and not Mr. Braun, proximately caused the accident was logically relevant in that it tended to prove or disprove a fact in issue. In order to be entitled to relief, Mr. Mengwasser had the burden to prove by a preponderance of the evidence that Mr. Braun's actions were a proximate cause of the accident. *Teichman v. Potashnick Constr., Inc.*, 446 S.W.2d 393, 398 (Mo. banc 1969) ("One of the essential elements of *actionable* negligence is that it must have been a proximate cause of injury."). "Proximate cause is commonly defined by the courts as that cause that, in a natural and continuous sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which the result would not have occurred." *Kilmer v. Mun*, 17 S.W.3d 545, 551–52 n. 19 (Mo.

banc 2000). "The general test for proximate cause is whether an injury is the natural and probable consequence of the defendant's negligence." *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. banc 1999). "[T]he issue of proximate cause is ordinarily a jury question...." *Dintelman v. McHalffey*, 435 S.W.2d 633, 636 (Mo.1968). Thus, whether Mr. Braun's actions were a proximate cause of the accident was "at issue," *see Porter*, 152 S.W.3d at 318, because Mr. Mengwasser had to prove that his injuries were the "natural and probable consequence of [Mr. Braun's] negligence." *Stanley*, 995 S.W.2d at 488.

▉▉▉▉ Evidence that Mrs. Mengwasser *did* proximately cause the accident was "logically relevant" because it tended to show that Mr. Braun *did not* proximately cause the accident.[2] *See Porter*, 152 S.W.3d at 318. "[B]oth as a matter of law and as a matter of logic, evidence that a third party caused the injury may be relevant and necessary to the jury's determination of the negligence and causation issues." *Whisenand v. McCord*, 996 S.W.2d 528, 531 (Mo.App. W.D.1999). The rules of evidence do not prevent a defendant from arguing that the act of a third person, even a non-party, was the sole cause of the plaintiff's injuries. *Oldaker v. Peters*, 817 S.W.2d 245, 253 (Mo. banc 1991) (citing *Simpson v. Smith*, 771 S.W.2d 368, 373 (Mo.App. S.D.1989)); *Whisenand*, 996 S.W.2d at 531 ("Defendant may even introduce evidence that someone else is the sole cause of the accident...."). That is what Kempker did, and the trial court did not

abuse its discretion in overruling Mr. Mengwasser's objections.

▉▉▉▉ Mr. Mengwasser does not argue that the cost of the evidence—the danger of unfair prejudice, etc.—outweighed the evidence's usefulness, and therefore we need not address whether the second prong of the relevancy analysis has been met. *Porter*, 152 S.W.3d at 318 (holding that evidence must be both logically and legally relevant). Moreover, even if that issue were before us, we see nothing in the record that would indicate that the trial court abused its discretion in finding that the usefulness of the evidence outweighed any potential prejudice or other cost of the evidence.

2. **Section 537.060 did not impact the relevancy of evidence tending to show that Mrs. Mengwasser's negligence proximately caused the accident.**

Mr. Mengwasser argues that section 537.060 [3] renders any evidence of his wife's fault irrelevant. We disagree.

▉▉▉▉ Section 537.060 provides, among other things, that a settling tortfeasor shall be discharged from all liability for contribution or non-contractual indemnity to any other tortfeasor. As a companion to section 537.060, the rule in Missouri is that, for the purpose of determining comparative fault, "fault is only to be apportioned among those at trial." *Jensen v. ARA Servs., Inc.*, 736 S.W.2d 374, 377 (Mo. banc 1987).

2. We note that a finding that Mrs. Mengwasser's conduct proximately caused Mr. Mengwasser's injuries would not be *dispositive* of the issue of proximate causation with respect to Mr. Braun because there may be more than one proximate cause of an accident. *See Andres v. Alpha Kappa Lamda Fraternity*, Nos. WD37546 & WD37547, 1986 Mo.App. LEXIS

4693, at*14 (Mo.App.W.D. Sept. 16, 1986). However, an issue need not be dispositive to be relevant.

3. Statutory references are to RSMo, 2000, as updated through the 2009 cumulative supplement.

However, Mr. Mengwasser's argument is inapposite because neither contribution, nor comparative fault, nor apportionment was at issue in this case.[4] Kempker did not seek contribution from Mrs. Mengwasser; it did not submit a comparative fault instruction; it did not ask the trial court to instruct the jury to apportion damages among any other persons, whether parties or non-parties. Kempker sought only to have Mr. Mengwasser's damages, if any, reduced by the amount of his settlement with Mrs. Mengwasser, as is proper pursuant to section 537.060 ("[S]uch agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.").

Mr. Mengwasser argues that, because a settling party is discharged from *liability* under section 537.060, the jury is precluded from making a *factual finding* that her actions proximately caused the subject injuries. Such is not the law.

Nothing in section 537.060 prevents a defendant from arguing that a settling party's negligence proximately caused the plaintiff's injuries. For example, in *Oldaker*, the defendant in an automobile accident case argued to the jury that the accident was caused by two other persons, one of whom had settled prior to trial. 817 S.W.2d at 252. As in this case, the plaintiff in *Oldaker* argued that the evidence should have been excluded because "fault is to be apportioned only among those at trial," and the settling tortfeasor was not a party to the lawsuit. *Id.* The trial court disagreed, and the Supreme Court of Missouri affirmed, holding that a defendant may submit evidence of a settling non-party's negligence "to establish that [the defendant] is not guilty of the negligence

charged." *Id.* As noted above, the court also found that a defendant may introduce evidence and argue " 'that the acts of one other than the defendant were the sole cause of the accident.' " *Id.* at 253 (quoting *Simpson,* 771 S.W.2d at 373).

Likewise, in *Owens v. Dougherty,* 84 S.W.3d 542, 548 n. 3 (Mo.App. S.D.2002), the plaintiff settled with several third persons prior to trial. The trial court instructed the jury that the issue of whether the negligence of any of the settling parties contributed to or caused the death of the decedent "is withdrawn from the case and you are not to consider such issue in arriving at your verdict." *Id.* at 545. The jury returned a verdict for the plaintiff, but the Southern District of this court reversed, finding that the trial court had abused its discretion in offering the instruction. *Id.* at 549. In doing so, the Southern District explained that there is a distinction between: (1) arguing that fault should be apportioned among tortfeasors, and (2) arguing that the defendant was not negligent and/or did not proximately cause the plaintiff's injuries because someone else's conduct was the sole cause of the subject accident. *Id.* at 548–49. Citing *Oldaker,* the court held that the defendant was free to argue that "the negligence of someone else, even a non-party, was the sole cause of the incident in question." *Id.*; *see also Whisenand,* 996 S.W.2d at 531 (holding that negligence is an issue for the jury unless the defendant is negligent as a matter of law and holding that defendant can argue negligence of a non-party because it may be relevant and necessary for the jury to determine negligence and causation).

Thus, Mr. Mengwasser confuses what we mean when we say "apportionment of

---

4.   We note that, even if Kempker had maintained its alternative, affirmative defense of comparative fault, evidence tending to show

that Mr. Braun did not proximately cause the accident would still have been relevant for the reasons stated above.

fault." A defendant seeking an apportionment instruction asks the jury, if it finds him or her at fault, to compare his or her fault to that of another and to apportion it accordingly. *Mo. Pac. R.R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 474 (Mo. banc 1978). The phrase does not apply to the defendant's claim that he or she was *not* negligent and/or that his or her conduct did *not* proximately cause the plaintiff's injuries. *Oldaker*, 817 S.W.2d at 252–53; *Owens*, 84 S.W.3d at 548–49. When such is the defendant's argument, the jury is not asked to "apportion" fault between the third person and the defendant because the jury is asked to find that the defendant was not at fault *at all.*

■ Here, Kempker did not argue the jury should "apportion" fault between Mrs. Mengwasser and Mr. Braun. Such an argument would have been improper because Mrs. Mengwasser was not a party to the lawsuit. *Jensen*, 736 S.W.2d at 377. Rather, Kempker argued that Mr. Braun was not at fault at all, and, in support of that argument, it was entitled to submit proof that any other person's negligence, even that of a settling third party, proximately caused the accident.[5] *Oldaker*, 817 S.W.2d at 252–53; *Owens*, 84 S.W.3d at 548–49.

### 3. Kempker did not have to prove that Mrs. Mengwasser's actions were unforeseeable.

Mr. Mengwasser argues further that, in order to argue that Mrs. Mengwasser's actions were the sole proximate cause of the accident, Kempker had to prove that Mr. Braun could not have foreseen them. We disagree.

■ Mr. Mengwasser argues that "Missouri courts have long held that a defendant may not be absolved of *its negligence* if *its negligence* combined with that of another caused plaintiff's injuries provided that [*the defendant's negligence*] was a substantial factor and not so extraordinary as not to have been reasonably contemplated by the defendant." (Emphasis added.) However, this argument presupposes that Mr. Braun was found negligent, which the jury, of course, was not required to do. Since the jury found that Mr. Braun was not negligent, Mr. Mengwasser's argument cannot prevail.[6]

■ In essence, Mr. Mengwasser's argument erroneously seeks to place upon Kempker the burden of proving the defense of an intervening, superseding cause.

> When two or more individuals commit consecutive acts of negligence closely related in time, there is a question as to whether the initial act of negligence was the proximate cause or whether an efficient, intervening cause exists.... However, the mere existence of an intervening act is not decisive. The intervening act must be a superseding cause that is independent of the original actor's negligence and severs the connection between the original actor's conduct and the plaintiff's injury as a matter of law. For an intervening act to relieve the original tortfeasor from liability, the act cannot be a foreseeable consequence of the original act of negligence.

*Buchholz v. Mosby–Year Book, Inc.*, 969 S.W.2d 860, 862 (Mo.App. E.D.1998) (internal citations omitted). The burden to

---

5. A party may not, of course, argue that a third person was negligent when that person has been dismissed from the lawsuit *on the merits*, i.e., when there has been a judicial determination that the third person was not negligent. *Whisenand*, 996 S.W.2d at 531.

6. Mr. Mengwasser's argument implies that Mr. Braun's actions were negligent as a matter of law. Mr. Mengwasser did not preserve this point, and, even if he had, we would reject the argument.

prove intervening, superseding cause lies on the party asserting it. *Kelley v. Wiggins,* 291 Ark. 280, 724 S.W.2d 443, 450 (1987).

Here, however, Kempker did not have to prove the elements of intervening, superseding cause because it did not raise the defense. Kempker's theory of the case did not depend on, or even include, "consecutive acts of negligence." *Buchholz,* 969 S.W.2d at 862. Indeed, Kempker argued that only one act of negligence occurred, i.e., that Mrs. Mengwasser was negligent and that Mr. Braun was not. As such, given that Kempker did not raise the affirmative defense of intervening, superseding cause, it did not have to prove the defense's elements,[7] one of which is that the intervening, superseding act "cannot [have been] a foreseeable consequence of the original act of negligence." *Id.*

Evidence showing that Mrs. Mengwasser's negligence proximately caused the accident was relevant in that it tended to disprove necessary elements of Mr. Mengwasser's claim, namely that Mr. Braun was negligent and that his conduct proximately caused Mr. Mengwasser's injuries. Mr. Mengwasser's arguments regarding section 537.060 and the affirmative defense of intervening, superseding cause do not apply to the facts of this case. Accordingly, we deny Point I of Mr. Mengwasser's appeal.

**B. Refusal to admit evidence of Mrs. Mengwasser's settlement and refusal to instruct the jury to disregard prior payments.**

In Points II and III of his appeal, Mr. Mengwasser argues that the trial court abused its discretion in refusing to admit evidence of Mrs. Mengwasser's settlement and in refusing to instruct the jury to disregard prior payments made to Mr. Mengwasser. We disagree.

■ "The basic rule, in Missouri and elsewhere, is that evidence of settlement agreements is not admissible. This is because settlement agreements tend to be highly prejudicial and, thus, should be kept from the jury unless a clear and cogent reason exists for admitting a particular settlement agreement." *O'Neal v. Pipes Enters., Inc.,* 930 S.W.2d 416, 423 (Mo. App. W.D.1995) (internal citation omitted).

■ Here, Mr. Mengwasser argued to the trial court that the settlement agreement should be admitted for the purpose of mitigating what Mr. Mengwasser viewed to be the trial court's error in admitting the evidence of Mrs. Mengwasser's negligence. For the reasons stated above, the trial court did not err in admitting evidence tending to show that Mrs. Mengwasser's negligence proximately caused the accident. Since there was no trial court error to be mitigated, Mr. Mengwasser's argument was not a "clear and cogent reason" to deviate from the general rule regarding the inadmissibility of settlement agreements. *See id.* Mr. Mengwasser takes particular exception to Kempker's counsel's remarks made in closing argument that Mrs. Mengwasser "does not want to take responsibility for [her] mistake." Attorneys are allowed substantial latitude in closing argument; trial courts are given wide discretion in ruling on closing arguments; and we will not reverse the trial court absent abuse of discretion and a showing of prejudice. *State v. Francis,* 60 S.W.3d 662, 672 (Mo. App. W.D.2001).

---

**7.** We again note that, even if Kempker had raised this affirmative defense, it could have done so in the alternative, and the evidence tending to show that Mrs. Mengwasser's negligence proximately caused the accident would still have been relevant for the reasons stated above.

■ Here, we find no abuse of discretion in the trial court's refusal to admit evidence of the settlement agreement in response to defense counsel's closing argument. Defense counsel stated that "somebody was in a hurry to get to the destination, made a bad mistake, and now does not want to take responsibility for that mistake." Mr. Mengwasser argues that the statement gives the impression that Mrs. Mengwasser had not taken *financial* responsibility for her actions and that the statement was false in that Mrs. Mengwasser had made a good-faith settlement with her husband. While that is one interpretation of defense counsel's statement, it is not the only reasonable interpretation. The statement can also be read to mean that Mrs. Mengwasser did not want to "take responsibility for [her] mistake" in that she refused to concede that her actions alone, and not those of Mr. Braun, proximately caused Mr. Mengwasser's injuries. The trial court was in a better position to evaluate the tone, meaning, and effect of the comment. *See Oldaker*, 817 S.W.2d at 254 (holding that the trial court was in a better position to evaluate the effect and tone of comments made in closing argument).

Accordingly, the trial court did not abuse its discretion in refusing to admit the settlement agreement, and we deny Point II of Mr. Mengwasser's appeal.

Moreover, given that the trial court did not err in refusing to admit the settlement agreement, it follows that it did not err in refusing to instruct the jury to disregard prior payments. Absent evidence of the settlement agreement, no evidence of prior payments was before the jury. Moreover, Mr. Mengwasser's proposed instruction, MAI 34.05, is to be given "if the case is submitted under comparative fault," MAI 34.05 Note 1, and, as noted, this case was not so submitted. Further, MAI 34.05 is

part of the damage instruction, and thus the jury would not have considered this language because it did not award damages. As such, the trial court did not abuse its discretion in refusing to instruct the jury to disregard evidence of prior payments, and we deny Point III of Mr. Mengwasser's appeal.

### Conclusion

For the reasons stated above, we hold that: (1) the trial court did not abuse its discretion in admitting evidence tending to show that Mrs. Mengwasser's conduct proximately caused Mr. Mengwasser's injuries, and (2) the trial court did not abuse its discretion in refusing to admit evidence of Mrs. Mengwasser's settlement and in refusing to instruct the jury to disregard prior payments to the plaintiff. Accordingly, we affirm the trial court's judgment.

JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER, Judge, concur.