Shawn JEFFERSON,
Plaintiff/Respondent,

v.

LYON SHEET METAL WORKS,
Defendant/Appellant,

Chilimack's Union Couriers, LLC,
and Durwin Petterson, Jr.,
Defendants.

No. ED 96338.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 2012.

Application for Transfer Denied Sept. 25, 2012.

. Ray B. Marglous, P.C., St. Louis, MO, for respondent.

John S. Sandberg, Timothy C. Sansone, Sandberg Phoenix & von Gontard P.C., St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

. Defendant, Lyon Sheet Metal Works (Lyon), appeals from a judgment entered on a jury verdict finding it liable for damages sustained by a pedestrian when he was hit by a Lyon trailer that detached from a Lyon truck as a result of the truck driver's negligence. On appeal, Lyon challenges the trial court's grant of motions in limine that prohibited it from asserting at trial that a former codefendant was liable. We reverse and remand.

On August 6, 2007, plaintiff, Shawn Jefferson, was hit by a Lyon trailer that detached from a Lyon truck while he was waiting at a bus stop in the City of St. Louis. The driver of the truck was Durwin Petterson, Jr. (hereinafter, the driver). The driver worked for Chilimack's Union Couriers, L.L.C. (Chilimack's), and at the

time of the accident, he had been "subbed out" to Lyon.

Plaintiff filed a lawsuit that sought damages from Lyon, Chilimack's, and the driver for his injuries. As amended, the petition alleged that the driver was the agent of both Lyon and Chilimack's, and sought damages from both Lyon and Chilimack's based on the driver's negligence and on the theory of res ipsa loquitur. In its amended answer, Lyon admitted that the accident occurred and that the driver was negligent, but it did not admit that the driver was its agent.

Chilimack's thereafter filed a motion for summary judgment on the ground that it was not vicariously liable for the driver's acts because the driver was a "borrowed servant" under the control of Lyon and was not under the control of Chilimack's. Plaintiff filed a response to Chilimack's motion, denying that the "borrowed servant" doctrine applied. The trial court granted Chilimack's motion for summary judgment on plaintiff's negligence count and dismissed that count against Chilimack's with prejudice. It thereafter entered summary judgment in favor of Chilimack's on plaintiffs res ipsa loquitur count in a supplemental order.

Plaintiff then filed two motions in limine with respect to Lyon, who remained in the case as a defendant. In his Motion in Limine No. 1, plaintiff sought to preclude Lyon from mentioning, discussing, or referring to Chilimack's during trial or from conveying in any manner that Chilimack's was responsible for plaintiff's injuries or had any relationship with the driver. In support of his motion, he argued that a party "may not argue a third person was negligent when that person has been dismissed from the lawsuit on the merits, i.e. when there has been a judicial determination the third person was not negligent."

He further argued that the summary judgment was a final judgment on the merits.

In his Motion in Limine No. 2, plaintiff sought an order prohibiting Lyon from denying that the driver was the "borrowed servant" of Lyon at the time of the accident. He argued that the summary judgment in Chilimack's favor was a prior adjudication in which the court had found as a matter of law that Chilimack's could not be liable to Plaintiff for the conduct of its employee, who at the time of the injury was a borrowed servant of Lyon, and therefore the doctrine of collateral estoppel applied to prohibit Lyon from relitigating this issue.

In its response to both motions, Lyon argued that (1) it could argue Chilimack's role because it was not bound by the summary judgment in Chilimack's favor in that Lyon was not a party to the summary judgment motion, and (2) it could contest whether the driver was its agent because collateral estoppel did not apply to prevent it from denying control over the driver.

The trial court granted plaintiffs Motion in Limine No. 1 to preclude Lyon from mentioning Chilimack's in the liability context and granted plaintiff's Motion in Limine No. 2 to preclude Lyon from denying that the driver was Lyon's borrowed servant "in light of the Court's previous findings and conclusions in its summary judgment orders dismissing Defendant Chilimack's from the case." It ordered that Lyon could "not litigate or advocate at trial that Chilimack's is liable for the actions of [the driver] at the time of the accident." During a pretrial discussion of this ruling, the trial court orally advised the parties that Lyon would be precluded from denying that the driver was a "borrowed servant," and that Lyon could not litigate or advocate that Chilimack's was liable for the driver's actions. Lyon's counsel then clarified with the court that

because the court had prohibited Lyon from denying that it employed the driver, and because it had admitted the driver's negligence in its answer, the only issue remaining for trial was the amount of damages.

■ The case was submitted to the jury against Lyon on the negligence count.[1] Over Lyon's objection, the trial court instructed the jury that it "must" find in plaintiff's favor and "must" award plaintiff damages in the amount that the jurors believed would fairly and justly compensate plaintiff. The jury assessed damages at $900,000.00, and the trial court entered a judgment on that verdict.

## DISCUSSION

### I. *Grant of Motions in Limine*

For its first point, Lyon asserts that the trial court erred in ordering that, as a matter of law, the summary judgment in favor of Chilimack's offensively and collaterally estopped Lyon from denying that the driver was Lyon's alleged agent, in directing the jury to find in favor of plaintiff and award him damages, and in denying Lyon's motion for new trial. It argues that Lyon was neither an adverse party in Chilimack's summary judgment motion nor aggrieved by the summary judgment, and, therefore, Lyon was entitled as a matter of due process to defend itself on the liability issue. It further argues that the doctrine of offensive collateral estoppel does not apply. It asserts that the doctrine of offensive collateral estoppel is available only when the party against whom it is asserted has litigated and lost in an earlier proceeding, not when the party asserting the doctrine has lost.

In response, plaintiff argues that Lyon was a party to the case and an adverse party in the summary judgment motion and was bound by the summary judgment which, plaintiff contends, immediately shifted liability to Lyon, who was an "aggrieved" party; that the law prohibited Lyon from "pointing the finger at Chilimack's" at trial; and that nothing in the record indicates that the court based its ruling on collateral estoppel. Although plaintiff now concedes that collateral estoppel is inapplicable, he argues that the principles of collateral estoppel show that Lyon had a full and fair opportunity to litigate the issue of liability.

■ As an initial matter, plaintiff's use of motions in limine to preclude Lyon from presenting its defense at trial was improper. This is not the function of a motion in limine. "Ordinarily, a motion in limine is used to exclude evidence in a jury trial which would be unfairly prejudicial or inflammatory." *Cass Bank & Trust Co. v. Mestman,* 888 S.W.2d 400, 404 (Mo.App. 1994). "It is appropriate when the mere asking of an improper question in front of a jury may be so prejudicial that a party will be denied a right to a fair trial." *Id.* However, a motion in limine "is not a substitute for a summary judgment motion." *Id.* "Nor should it 'ordinarily [be] employed to choke off an entire claim or defense.'" *Id.* (quoting *Lewis v. Buena Vista Mutual Ins. Ass'n,* 183 N.W.2d 198, 201 (Iowa 1971)). Therefore, the trial court procedurally erred in granting plaintiff's motions in limine to preclude Lyon from litigating a defense at trial.

Moreover, the trial court substantively erred in prohibiting Lyon from asserting its defense at trial. Lyon was not an "adverse" party to Chilimack's in Chili-

1. Plaintiff voluntarily dismissed his claims against the driver on the first day of trial. The res ipsa loquitur count against Lyon was abandoned because it was not submitted to the jury. *See Murphy v. Cole Nat. Corp.,* 731 S.W.2d 28, 31 (Mo.App.1987).

mack's motion for summary judgment and was not "aggrieved" by the summary judgment in Chilimack's favor. As a result, Lyon was not bound by the summary judgment in Chilimack's favor on either of these theories. Further, Lyon was not prohibited from arguing Chilimack's liability as a matter of law. Finally, collateral estoppel did not prohibit Lyon from asserting or arguing Chilimack's liability.

A. *Adverse Party*

■ We begin with the issue of whether Lyon was an "adverse party" to Chilimack's in Chilimack's motion for summary judgment. Plaintiff named Lyon and Chilimack's as codefendants in his lawsuit. Neither defendant filed cross-claims against the other. In this situation, they were not adverse or opposing parties. *See Hemme v. Bharti*, 183 S.W.3d 593, 596–98 (Mo. banc 2006); *Brown v. Harrison*, 637 S.W.2d 145, 147–48 (Mo.App.1982).[2] In the absence of cross-claims, codefendants are not adverse parties. This is true even when the codefendants' defenses to the plaintiff's claims conflict with each other, or even when each believes that the other was at fault. *Brown*, 637 S.W.2d at 147.

This was the status of the pleadings when Chilimack's filed its motion for summary judgment. Plaintiff was the claimant against whom Chilimack's summary judgment motion was filed, making plaintiff the "adverse party" to Chilimack's summary judgment motion.

Only the adverse party is required to respond to a motion for summary judgment. *See* Rule 74.04(c)(2) (providing that: "[w]ithin 30 days after a motion for summary judgment is served, the *adverse party* shall serve a response on all parties"

(emphasis added)). In this case, plaintiff was the only adverse party to Chilimack's in Chilimack's summary judgment motion and the only party required to file a response to the motion. The fact that the basis of Chilimack's motion for summary judgment was to disclaim its own vicarious liability and shift that liability to Lyon on the ground that Lyon controlled the driver did not make Lyon an "adverse" party to Chilimack's. "[T]he mere effort of a defendant to escape liability by attempting to 'throw the burden on a codefendant' does not make the defendants adversaries." *Missouri District Tel. Co. v. Southwestern Bell Tel. Co.*, 336 Mo. 453, 79 S.W.2d 257, 259–60 (1934).

Since Lyon was not an adverse party to Chilimack's in the lawsuit or in the motion for summary judgment, it had no obligation to respond to the motion for summary judgment as an adverse party, and plaintiff's argument that Lyon was bound by the summary judgment as an adverse party has no merit.

B. *Aggrieved*

■ We next consider whether Lyon was "aggrieved" by the entry of summary judgment in Chilimack's favor. While the fact that it was not an adverse party to the motion for summary judgment should also dispose of the contention that it was "aggrieved," we will separately address this issue.

■■ For the purposes of an appeal from a judgment, "[a] party is 'aggrieved' when the judgment operates prejudicially and directly on his or her personal or property rights or interests and that effect

---

**2.** *Brown* was abrogated in part by *Hemme* on a separate issue. *Brown* indicated that codefendants could become adverse parties when they filed cross-claims against each other. 637 S.W.2d at 147. However, *Hemme* held that they did not become opposing parties for purposes of the compulsory counterclaim rule if the cross-claim was only for indemnity, contribution, or allocation of fault. 183 S.W.3d at 597–99.

is immediate and not merely a possible remote consequence." *Charnisky v. Chrismer*, 185 S.W.3d 699, 702 (Mo.App. 2006); *Horace Mann Ins. Co. v. Riley*, 716 S.W.2d 820, 822 (Mo.App.1986).

"The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question."

*American Petroleum Exchange v. Public Service Com'n*, 238 Mo.App. 92, 176 S.W.2d 533, 534 (1943) (quoting 3 C.J. *Appeal & Error* section 481 (1915)). *See also Ong Bldg. Corp. v. GMAC Mortg. Corp.*, 851 S.W.2d 54, 55 (Mo.App.1993).

■■■ A defendant is not "aggrieved" when a codefendant is dismissed. *Schneider v. Campbell 66 Express, Inc.*, 324 S.W.2d 363, 367 (Mo.App.1959). Likewise, a defendant is not "aggrieved" when summary judgment is entered against a codefendant. *Horace Mann*, 716 S.W.2d at 822. Even when a ruling against a codefendant "change[s] the landscape of the trial," it does not directly affect the other defendant's legal rights. *Calarosa v. Stowell*, 32 S.W.3d 138, 144 (Mo.App.2000). "An appellant may not challenge portions of a judgment that resolve issues solely between other parties and do not resolve the claims made by that appellant." *Charnisky*, 185 S.W.3d at 702. Here, the summary judgment affected only the rights of plaintiff and Chilimack's against each other. Lyon's rights were not affected, and it was not "aggrieved" by the summary judgment in Chilimack's favor. Accordingly, plaintiff's argument that Lyon was bound by the summary judgment because it was an "aggrieved" party who did not appeal from it has no merit.

**C.** *Prohibition Against Arguing Former Codefendant's Liability*

■■■ We next consider plaintiff's argument that the trial court's decision may be affirmed because "the law" prohibited Lyon from "pointing the finger at Chilimack's during trial." Plaintiff relies on Cook by *Cook v. Willis*, 885 S.W.2d 791 (Mo.App.1994); *Whisenand v. McCord*, 996 S.W.2d 528 (Mo.App.1999); and *Mengwasser v. Anthony Kempker Trucking*, 312 S.W.3d 368 (Mo.App.2010). None of these cases supports plaintiff's argument.

In *Cook*, the defendant motorist had filed a third-party claim against the plaintiff child's mother, alleging that the mother's negligent supervision of the child caused the child to be hit by the defendant's car. At the close of the evidence, the trial court entered a directed verdict in the mother's favor on the defendant's third-party claim against her. Nevertheless, during closing argument, the defendant argued the mother's fault. The court of appeals held that the defendant's argument was improper because, by directing a verdict in the mother's favor, the trial court had decided as a matter of law that the evidence did not support a defense or claim that the child's injury was the mother's fault. 855 S.W.2d at 793.

Subsequent cases have clarified that this holding in *Cook* is confined to the facts and procedural posture of that case. In *Whisenand*, the plaintiff was struck by a tractor trailer driven by the defendant as the plaintiff stood next to her stalled truck that partially remained in the highway. At the time, another person had also stopped and partially blocked the highway. The trial court overruled the plaintiff's objection to the defendant's closing argument that non-parties, including the person who had stopped, were responsible for the accident. In holding that the trial

court did not err, the court of appeals distinguished *Cook:*

> *Cook* does *not* stand for the proposition that a defense attorney may never argue the negligence of parties not named in the lawsuit, as Plaintiff argues. It simply states one cannot argue the negligence of a person who was a party but who was dismissed out on the merits. Indeed, the rule Plaintiff argues for could not be supported by *Cook* or other authority, for, both as a matter of law and as a matter of logic, evidence that a third party caused the injury may be relevant and necessary to the jury's determination of the negligence and causation issues.

996 S.W.2d at 531. The court added that its conclusion was consistent with that in *Oldaker v. Peters*, 817 S.W.2d 245 (Mo. banc 1991). *Whisenand*, 996 S.W.2d at 531.

In *Oldaker*, the supreme court held that the trial court did not err in allowing the defendant driver to argue that two former parties to the lawsuit, one of whom had been dismissed after settlement and one of whom had been dismissed by summary judgment, were responsible for the plaintiff's injuries. It reasoned that a defendant may introduce any evidence that tends to establish that he or she is not guilty of the acts charged and may argue that the acts of a person other than the defendant were the sole cause of an accident. 817 S.W.2d at 252–53.

In *Mengwasser*, the plaintiff was a passenger in a vehicle driven by his wife that collided with a vehicle owned by the defendant. The defendant denied that its driver was negligent. The plaintiff settled with his wife and, at trial, unsuccessfully sought to exclude all evidence and argument showing that his wife was at fault. On appeal, the plaintiff argued that the trial court erred in allowing the defendant to argue that the plaintiff's wife was negli-

gent and that her actions caused the accident. The court of appeals held that the trial court did not abuse its discretion because the evidence that the plaintiff's wife caused the accident was both legally and logically relevant, 312 S.W.3d at 372–73, and a defendant may introduce evidence and argue that a third person, even a nonparty, caused a plaintiff's injuries. *Id.* at 373 (citing *Whisenand*, 996 S.W.2d at 531; *Oldaker*, 817 S.W.2d at 253). It concluded that the defendant was entitled to argue and submit proof that any other person's negligence, including that of a settling third party, proximately caused the accident. *Mengwasser*, 312 S.W.3d at 375 (citing *Owens v. Dougherty*, 84 S.W.3d 542, 548–49 (Mo.App.2002); *Oldaker*, 817 S.W.2d at 252–53). The court acknowledged the language in *Whisenand* that distinguished *Cook* in a footnote. *Mengwasser*, 312 S.W.3d at 375 n. 5 (citing *Whisenand*, 996 S.W.2d at 531).

*Owens v. Dougherty*, 84 S.W.3d 542 (Mo. App.2002), which was cited in *Mengwasser*, was a wrongful death case based on medical negligence in which the plaintiff had settled with all of the defendants except one physician prior to trial. The appellate court held that the trial court prejudicially erred in giving the jury a withdrawal instruction that advised the jury that the issue of the negligence of any healthcare provider, other than the sole remaining defendant and a physician under his supervision, was withdrawn from the case, and the jurors were not to consider it. 84 S.W.3d at 549. In its opinion reversing on this basis, the court held that the defendant "had the right to have the jury consider the evidence and his contention that the negligence of others was the sole cause of Decedent's death." *Id.*

Against this background, we return to plaintiff's argument that *Cook* precluded Lyon from arguing Chilimack's liability. *Cook* does not apply. In *Cook*, the *defen-*

*dant* filed a third-party claim against the mother, and the *defendant* lost that claim on the merits after litigating it at trial. The defendant's litigation of this issue against an adverse party and the trial court's decision against it on the merits prevented the defendant from arguing the mother's negligence in closing argument. 885 S.W.2d at 793–94. In this case, Lyon did not litigate Chilimack's liability with Chilimack's, and no decision on the merits was entered against Lyon on the question of Chilimack's liability. This case falls within *Whisenand, Mengwasser, Oldaker*, and *Owens*. Unlike the defendant in *Cook*, the defendants in these cases had not litigated the absent third parties' liability and did not have a decision on the merits entered against them on that liability. In each of these cases, it was held that the respective defendants could argue the liability of the third parties, even those who had been parties but had been dismissed. The trial court erred in prohibiting Lyon from presenting its defense and advocating Chilimack's negligence at trial.

### D. Collateral Estoppel

 In response to Lyon's argument that collateral estoppel did not apply to preclude Lyon from asserting Chilimack's liability at trial, plaintiff now concedes that collateral estoppel does not apply. We agree. It is a long-standing and general principle " 'that a decision in a suit does not operate as res judicata against all the parties to the suit, but only against those between whom the matter adjudicated upon was in issue.' " *Peters v. City of St. Louis*, 226 Mo. 62, 125 S.W. 1134, 1137 (1910) (quoting HUKM CHAND, A TREATISE ON THE LAW OF RES JUDICATA 170 (London, William Clowes & Sons 1894)).

Missouri follows the general rule that a prior judgment is not conclusive in a subsequent action between co-defendants in the prior action unless the co-defendants occupied adversary positions in the prior action and actually litigated therein the issue of their liability as between themselves as well as their liability to the injured party. The rationale for the rule is that in the absence of a statute or rule requiring a defendant to cross-claim against his co-defendant, and in the absence of such a cross-claim, the judgment in the prior action merely adjudicated the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the co-defendants as between themselves.

*City of St. Joseph v. Kaw Valley Tunneling, Inc.*, 660 S.W.2d 26, 32 (Mo.App.1983); *see also Missouri District Tel. Co.*, 79 S.W.2d at 259.[3]

However, plaintiff argues that the principles of collateral estoppel demonstrate that Lyon had a full and fair opportunity to litigate its position in Chilimack's motion for summary judgment. We disagree. Lyon was not an adverse party to Chilimack's in Chilimack's motion for summary judgment against plaintiff, Lyon had no opportunity to litigate its position vis-a-vis Chilimack's in that summary judgment proceeding.

For all of the above reasons, point one is granted.

### II. Remaining Claims of Error

 Points two and three assert errors that, if found, would require a new trial rather than an outright reversal. Therefore, we do not need to reach these

---

**3.** For a thorough explanation of why collateral estoppel cannot be used to preclude a defendant from arguing wrongdoing by a codefendant in whose favor a summary judgment has been entered when the defendant was not an adverse party in the summary judgment, *see Bowers v. Wal–Mart Stores, Inc.*, 827 So.2d 63, 67 (Ala.2001); *Golman v. Tesoro Drilling Corp.*, 700 F.2d 249, 253 (5th Cir.1983).

claims of error unless they would necessarily arise in another trial. The issues of whether there was sufficient evidence that plaintiffs medical bills were incurred as a result of the accident and whether they were medically necessary and reasonable will have to be evaluated against the evidence that is actually produced in the new trial. Accordingly, we do not need to determine whether there was sufficient evidence in this trial. Likewise, plaintiff's closing argument will be made in the context of the new trial, and we do not need to determine whether plaintiff engaged in improper argument in this trial. Points two and three are denied as moot.

*Conclusion*

The judgment of the trial court is reversed, and the case is remanded.

LAWRENCE E. MOONEY, J. and KENNETH M, ROMINES, J., concur.